JS 44C/SDNY
REV. 12/2005



CIVIL COVER SHEET

08 CV 2509

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the
Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of
initiating the civil docket sheet.

PLAINTIFFS
Wang, Mei Yu (A#95-461-574);
Zheng, Min Xing (A#95-461-575);
Chen, Ming Qi (A#78-225-973);
Zhu, Mei Mei(A#77-309-529);

DEFENDANTS
Michael B. Mukasey, US Attorney General;
Michael Chertoff, Secretary of Homeland Security;
Kevin Ohlson, Dir.of the EOIR,
Juan Osuna, Acting Chairman of the BIA,
David L. Neal, Chief Immigration Judge,
Emilio Gonzales, Director of the USCIS
Mary Ann Gartner, District Dir. USCIS NYC District Offs.
Susan Raufer, Dir. of Lynhurst, NJ Asylum Off,
Robert D. Mueller, III, Dir. of the FBI

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Yee Ling Poon, Esq. (Law Offices of Yee Ling Poon)
11 E. Broadway, 5th floor, New York, NY 10038

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

28 U.S.C.§1361(mandamus), the Administrative Procedure ACT(APA)(5 U.S.C.§ 555(b) and 5 U.S.C.§702, and the
Immigration and Nationality Act(INA) and regulations implementing it (Title 8 of the CFR)

Has this or a similar case been previously filed in SDNY at any time? No ☒  Yes? ☐    Judge Previously Assigned

If yes, was this case Vol☐ Invol. ☐ Dismissed. No☐ Yes ☐  If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*        NATURE OF SUIT

ACTIONS UNDER STATUTES

MAR 1 2 2008

| TORTS | | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE
INSTRUMENT
[ ] 150 RECOVERY OF
OVERPAYMENT &
ENFORCEMENT OF
JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF
DEFAULTED
STUDENT LOANS
(EXCL VETERANS)
[ ] 153 RECOVERY OF
OVERPAYMENT OF
VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT
LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT
LIABILITY
[ ] 320 ASSAULT, LIBEL &
SLANDER
[ ] 330 FEDERAL
EMPLOYERS'
LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT
LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE
PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL
INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY -
MED MALPRACTICE
[ ] 365 PERSONAL INJURY
PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL
INJURY PRODUCT
LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL
PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE
PRODUCT LIABILITY

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED
SEIZURE OF
PROPERTY
21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL
SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR
STANDARDS ACT
[ ] 720 LABOR/MGMT
RELATIONS
[ ] 730 LABOR/MGMT
REPORTING &
DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR
LITIGATION
[ ] 791 EMPL RET INC
SECURITY ACT

[ ] 422 APPEAL
28 USC 158
[ ] 423 WITHDRAWAL
28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY
20 USC 7609

[ ] 400 STATE
REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC
RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-
ENCED & CORRUPT
ORGANIZATION ACT
(RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/
COMMODITIES/
EXCHANGE
[ ] 875 CUSTOMER
CHALLENGE
12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC
STABILIZATION ACT
[ ] 893 ENVIRONMENTAL
MATTERS
[ ] 894 ENERGY
ALLOCATION ACT
[ ] 895 FREEDOM OF
INFORMATION ACT
[ ] 900 APPEAL OF FEE
DETERMINATION
UNDER EQUAL ACCESS
TO JUSTICE
[ ] 950 CONSTITUTIONALITY
OF STATE STATUTES
[k] 890 OTHER STATUTORY
ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE &
EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT
LIABILITY
[ ] 290 ALL OTHER
REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING
ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH
DISABILITIES -
EMPLOYMENT
[ ] 446 AMERICANS WITH
DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO
VACATE SENTENCE
28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____ DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☒ NO          NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | ORIGIN | | | | | | |
|---|---|---|---|---|---|---|---|

☒ 1 Original Proceeding ☐ 2a. Removed from State Court ☐ 2b. Removed from State Court AND at least one party is a pro se litigant   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from (Specify District)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

**(PLACE AN x IN ONE BOX ONLY)**     **BASIS OF JURISDICTION**     *IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)*

☐ 1 U.S. PLAINTIFF    ☒ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☐ 4 DIVERSITY

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

### PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Wang, Mei Yu 1007 Clarkson Ave. #1R Brooklyn, NY 11212
Zheng, Min Xing 1007 Clarkson Ave. #1R Brooklyn, NY 11212
Chen, Ming Qi 203 Mott Street #4, New York, NY 10012
Zhu, Mei Mei 148 Madision, Street #6F, New York, NY 10002

### DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Michael B. Mukasey US Attorney General USDOJ 950 Pennsylvania Avenue, NW Washington, DC 20530
Michael Chertoff, Secretary of DHS, 245 Murray Dr. SW Bldg. Washington DC 20528
Kevin Ohlson, Dir. of the EOIR, 26 Federal Plaza, NY, NY 10278
Juan Osuna,Acting Chairman of the BIA, 5107 Leesburg Pike, Falls Church VA 22041
David L. Neal,Chief IJ.,EOIR, 26 Federal Plaza, NY, NY 10278
Emilio Gonzales, Dir. of the USCIS, DHS. 245 Murray Dr. SW Bldg. Washington DC 20528
Mary Ann Gartner,. USCIS District Director in NY.,26 Federal Plaza, 3rd Floor, Room 3-310 New York, NY 10278
Susan Raufer, Dir. of Lynhurst, NJ Asylum Off, 1200 Wall St. W. Lynhurst, NJ 07071
Robert D. Mueller, III,Dir. of the FBI, DOJ. 935 Pennsylvania Avenue, NW Washington, D.C. 20535-0001

### DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☐ WHITE PLAINS    ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| RECEIPT # | | [ ] NO [x] YES (DATE ADMITTED Mo. 08 Yr. 1991 ) Attorney Bar Code # |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern                District of                New York

Wang, Mei Yu
    (A#95-461-574);
Zheng, Min Xing
    (A#95-461-575);
Chen, Ming Qi
    (A#78-225-973);
Zhu, Mei Mei
    (A#77-309-529);

**SUMMONS IN A CIVIL ACTION**

v.

Michael B. Mukasey,US Attorney General;
Michael Chertoff, Secretary of Homeland Security;
Kevin Ohlson, Dir.of the EOIR,
Juan Osuna, Acting Chairman of the BIA,
David L. Neal, Chief Immigration Judge,
Emilio Gonzales, Director of the USCIS
Mary Ann Gartner, District Dir. USCIS NYC District Offs
Susan Raufer, Dir. of Lynhurst, NJ Asylum Off,
Robert D. Mueller, III, Dir. of the FBI

CASE NUMBER:

## 08 CV 2509

TO: (Name and address of Defendant)

    Michael B. Mukasey US Attorney General USDOJ 950 Pennsylvania Avenue, NW Washington, DC 20530
    Michael Chertoff, Secretary of DHS, 245 Murray Dr. SW Bldg. Washington DC 20528
    Kevin Ohlson, Dir. of the EOIR, 26 Federal Plaza, NY, NY 10278
    Juan Osuna,Acting Chairman of the BIA, 5107 Leesburg Pike, Falls Church VA 22041
    David L. Neal,Chief IJ.,EOIR, 26 Federal Plaza, NY, NY 10278
    Emilio Gonzales, Dir. of the USCIS, DHS. 245 Murray Dr. SW Bldg. Washington DC 20528
    Mary Ann Gartner,. USCIS District Director in NY.,26 Federal Plaza, 3rd Floor, Room 3-310 New York, NY 10278
    Susan Raufer, Dir. of Lynhurst, NJ Asylum Off, 1200 Wall St. W. Lynhurst, NJ 07071
    Robert D. Mueller, III,Dir. of the FBI, DOJ. 935 Pennsylvania Avenue, NW Washington, D.C. 20535-0001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Yee Ling Poon, Esq.
    Law Offices of Yee Ling Poon
    11 E. Broadway, 5/fl
    New York, NY 10038

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAR 1 2 2008

CLERK                             DATE

_Jessica Doss_

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 3/12/08 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Kelland Chen | |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☑ Other (specify):

    Michael B. Mukasey US Attorney General USDOJ 950 Pennsylvania Avenue, NW Washington, DC 20530
    Michael Chertoff, Secretary of DHS, 245 Murray Dr. SW Bldg. Washington DC 20528
    Kevin Ohlson, Dir. of the EOIR, 26 Federal Plaza, NY, NY 10278
    Juan Osuna, Acting Chairman of the BIA, 5107 Leesburg Pike, Falls Church VA 22041
    David L. Neal, Chief IJ., EOIR, 26 Federal Plaza, NY, NY 10278
    Emilio Gonzales, Dir. of the USCIS, DHS. 245 Murray Dr. SW Bldg. Washington DC 20528
    Mary Ann Gartner,. USCIS District Director in NY.,26 Federal Plaza, 3rd Floor, Room 3-310 New York, NY 10278
    Susan Raufer, Dir. of Lynhurst, NJ Asylum Off, 1200 Wall St. W. Lynhurst, NJ 07071
    Robert D. Mueller, III, Dir. of the FBI, DOJ. 935 Pennsylvania Avenue, NW Washington, D.C. 20535-0001

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | 9x certified mail | $63.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    3/12/08
           Date                *Signature of Server*

           11 E. Broadway, 5/fl, New York, NY 10038
                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NEW YORK, NEW YORK

Wang, Mei Yu
    (A#95-461-574);
Zheng, Min Xing
    (A#95-461-575);
Chen, Ming Qi
    (A#78-225-973);
Zhu, Mei Mei
    (A#77-309-529);

JUDGE GRIESA

08 CV Civil No. 2509

    Plaintiff
v.

MAR. 1 2 2008

U.S.D.C. S. . N.Y.
CASHIERS

Michael B. Mukasey,
    Attorney General of the United States;
Michael Chertoff,
    Secretary of Homeland Security;
Kevin Ohlson,
    Director of the Executive Office for Immigration Review,
    Department of Justice;
Juan Osuna,
    Acting Chairman of the Board of Immigration Appeals,
    Department of Justice;
David L. Neal,
    Chief Immigration Judge,
    Executive Office of Immigration Review;
Emilio Gonzales,
    Director of the United States Citizenship and Immigration Services,
    Department of Homeland Security;
Mary Ann Gartner, District Director,
    District Director, USCIS New York City District Office,
    and
Robert D. Mueller, III,
    Director of the Federal Bureau of Investigation,
    Department of Justice.

    Defendants

1

**COMPLAINT
FOR WRIT OF MANDAMUS
AND FOR DAMAGES**

**INTRODUCTION**

This action is brought against the Defendants to compel them to lift the condition from Plaintiffs' grants of asylum based on China's coercive population control policy and to issue final grant letters to Plaintiffs.

**I. PARTIES**

1.1     Plaintiffs Wang, Mei Yu (A95-461-574) and Zheng, Min Xing  (A95-461-575), a married couple , are natives and citizens of the People's Republic of China.  They were represented by the Law Office of Yee Ling Poon with regard to his application for political asylum, a firm whose office is located in New York City.   They were adjudicated refugees and conditionally granted political asylum by the Immigration Court in New York City on February 19, 2003. They were fingerprinted for security clearance by the Department of Homeland Security and passed the background check.  *See* Exhibit A.

1.2     Plaintiff Chen, Ming Qi (A# 78-225-973) is a native and citizen of the People's Republic of China.  He was represented by the Law Office of Yee Ling Poon with regard to his application for political asylum, a firm whose office is located in New York City.   He was adjudicated a refugee and conditionally granted political asylum by the Immigration Court in New York City on May 21, 2002. He was fingerprinted for security clearance by the Department of Homeland Security and passed the background check. *See* Exhibit B.

2

1.3    Plaintiff Zhu, Mei Mei (A# 77-309-529) is a native and citizen of the People's

Republic of China.  She was represented by the Law Office of Yee Ling Poon with regard to her

application for political asylum, a firm whose office is located in New York City.  She was

adjudicated a refugee and conditionally granted political asylum by the Immigration Court in

New York City on May 13, 2004.  She was fingerprinted for security clearance by the

Department of Homeland Security and passed the background check.  *See* Exhibit C.

1.4    Defendant Michael B. Mukasey is Attorney General of the United States. He is

named as a Defendant and served with this Complaint pursuant to Federal Rule of Civil

Procedure 4(i)(B).

1.5    Defendant Michael Chertoff is Secretary of Homeland Security.   In his official

capacity, he has authority to determine whether an individual is a refugee and to grant asylum to

refugees pursuant to 8 U.S.C. §1158(b)(1)(A).  He is generally charged with enforcement of the

Immigration and Nationality Act (INA), and is further authorized to delegate such powers and

authority to subordinate employees of the Department of Homeland Security ("DHS").

1.6    Defendant Kevin Ohlson is the Director of the Justice Department's Executive

Office for Immigration Review ("EOIR").  Upon information and belief, based in part upon the

September 30, 2003 EOIR press release entitled *"EOIR Notifies Person Eligible for Full Asylum*

*Benefits for Fiscal Year 2003 Based on Coercive Population Control Policies"*[1] ("September 30,

2003 EOIR Press Release," attached as Exhibit C) in his official capacity Kevin Ohlson has

authority to remove conditions on asylum grants established under former 8 U.S.C. §1157(a)(5)

---

[1] Available at: http://www.usdoj.gov/eoir/press/03/CPCAsylumRelease0903.pdf.

(2000) repealed by REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, §§ 101(g)(2), (h)(5), 119 Stat. 231, 305-06 (May 11, 2005).

    1.7    Defendant Juan Osuna is Acting Chairman of the U.S. Department of Justice, Board of Immigration Appeals. Upon information and belief, based in part on the September 30, 2003 EOIR press release, in his official capacity Juan Osuna has or may have full or partial authority to remove conditions on asylum grants established under former 8 U.S.C. §1157(a)(5) (2000).

    1.8    Defendant David L. Neal is Chief Immigration Judge of the EOIR. Upon information and belief, based in part on the September 30, 2003 EOIR press release, in his official capacity David L. Neal has or may have full or partial authority to remove conditions on asylum grants established under former 8 U.S.C. §1157(a)(5) (2000).

    1.9    Defendant Emilio Gonzalez is Director of United States Citizenship and Immigration Services, (USCIS) an Under Secretary position within the Department of Homeland Security. Upon information and belief, based in part on the U.S. Dept. of Justice, EOIR "FACT SHEET: *Conditional Grants of Asylum Based on Coercive Population Control Policies,*" December 16, 2004 (Revised),[2] ("EOIR Fact Sheet," attached as Exhibit D) in his official capacity Emilio Gonzalez has or may have full or partial authority to remove conditions on asylum grants established under former 8 U.S.C. §1157(a)(5) (2000).

    1.9.1    Defendant Mary Ann Gantner is Director of the USCIS Asylum Office in New York. This Asylum Office has responsibility for accepting and authority to adjudicate asylum applications presented by residents of the Manhattan Borough, New York, New York and to perform ministerial acts related to those asylum applications.

---

[2] Available at http://www.usdoj.gov/eoir/press/04/CPCAsylumFactSheetDec04.pdf

1.9.2    Defendant Robert D. Mueller, III is Director of the Federal Bureau of

Investigation of the U.S. Department of Justice. In his official capacity he has authority over

security clearances submitted by USCIS and thus has partial authority to perform ministerial acts

which relate to the removal conditions on asylum grants established under former 8 U.S.C.

§1157(a)(5) (2000).

## II. JURISDICTION AND VENUE

2.1    Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C.

§555(b), and the Immigration and Nationality Act and regulations implementing it (Title 8 of the

CFR). Relief is requested pursuant to these statutes.

2.2    Under 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all

civil actions arising under the Constitution, laws, or treaties of the United States." There is

jurisdiction under 28 U.S.C. §1331 because this action arises under 28 U.S.C. §1361

(mandamus), the Administrative Procedure Act (APA) (5 U.S.C. §555(b) and 5 U.S.C. §702),

and the Immigration and Nationality Act (INA) and regulations implementing it (Title 8 of the

CFR).

2.3    Under 28 U.S.C. §1361, "[t]he district courts shall have original jurisdiction of

any action in the nature of mandamus to compel an officer or employee of the United States or

any agency thereof to perform a duty owed to the plaintiff."

2.4    The APA requires USCIS to carry out its duties within a reasonable time. 5

U.S.C. §555(b) states that "[w]ith due regard for the convenience and necessity of the parties or

their representatives and within a reasonable time, each agency shall proceed to conclude a

matter presented to it." USCIS is subject to 5 U.S.C. §555(b).

5

2.5.    Plaintiffs have exhausted all administrative remedies.

2.6    This is an action against officers and agencies of the United States in their official capacities. The relevant facts relating to each Plaintiff in this action are essentially identical. Each Plaintiff resides within the boundaries of the district of the Southern District of New York and/or was granted conditional asylum within the Southern District of New York. Venue is therefore proper in this court, pursuant to 28 U.S.C. §1391(e).

### III. FACTS

3.1    Pursuant to the provisions of the Homeland Security Act of 2002 (Pub. L. No. 107-296), which was signed into law on November 25, 2002, the functions of the Immigration and Nationality Services of the Department of Justice, and all authorities with respect to those functions, transferred to DHS on March 1, 2003, and the INS was abolished on that date. The transition and savings provisions of the Homeland Security Act, including sections 1512(d) and 1517, provide that references relating to the INS in statutes, regulations, directives or delegations of authority shall be deemed to refer to the appropriate official or component of DHS.

3.2    In October 1996, Congress amended the definition of the term "refugee" with the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Section 601(a), Div. C., 110 Stat. 300-546, 3009-689 (codified at INA §101(a)(42)(B), 8 U.S.C. §1101(a)(42)(B)(2002) ("IIRIRA")), which states, at Section 601:

> A person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo a procedure or for other resistance to a coercive population control program shall be deemed to have been persecuted on account of political opinion, and a person who has a well-founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well-founded fear of persecution on account of political opinion.

6

3.3     Section 601(b) of the IIRIRA also added a new subsection to section 207(a) of the

Act (codified at 8 U.S.C. § 1157(a)), stating:

> (5) For any fiscal year, not more than a total of 1,000 refugees may be admitted
> under this subsection or granted asylum under section 208 pursuant to a
> determination under the third sentence of section 101(a) (42) (relating to
> persecution for resistance to coercive population control methods).

*See*, *e.g.*, *Matter of X-P-T-*, 21 I&N Dec. 634 (BIA 1996). As a result, such applicants

are granted asylum on a "conditional basis until a determination is made that a final approval,

with eligibility for full asylum benefits, can be made under the 1,000 cap." *See e.g.* 12/16/04

Fact Sheet (Exhibit E).

3.4     Each year since 1998, the number of individuals receiving asylum on a

conditional basis has exceeded the 1,000 annual limit. *Id.* These individuals are placed on a

waiting list and remain in conditional grant status until one of the 1,000 final approval

authorization numbers becomes available. EOIR September 30, 2003 Press Release (Exhibit **D**).

3.5     During fiscal year 2004, the waiting list for those granted conditional asylum

numbered more than 9,000 asylum applicants, "making the waiting period approximately 9 years

for new conditional grants." *See* EOIR Fact Sheet (Exhibit E).

3.6     As visa numbers became available for those on the waiting list, the INS/USCIS

would notify by mail applicants whose conditions have been lifted and who are therefore eligible

for a final grant of asylum. *See e.g.*, EOIR September 30, 2003 press release (Exhibit D).

3.7     Effective May 11, 2005, the REAL ID Act lifted the numerical limit for

applicants granted asylum based on a coercive population control policy, making such applicants

immediately eligible for a final grant of asylum once they clear the required updated background

security investigations performed by the Department of Homeland Security. *See e.g.* U.S. Department of Justice (Executive Office for Immigration Review) *News Release: Coercive Population Control Cap Is Lifted – Full Asylum Granted After Security Clearance* (April 21, 2006)[3] (attached as Exhibit F).

      3.8    Defendants have sufficient information to lift the condition on Plaintiffs' grants of asylum.

      3.9    Under the REAL ID Act, the Immigration and Nationality Act, and the implementing regulations, Defendants owe a duty to the Plaintiffs to perform the ministerial act of removing the conditions on Plaintiffs' grants of asylum.

      3.10    In the more than two years since the passage of the REAL ID Act, Defendants have willfully and unreasonably delayed and/or refused to lift the conditions on Plaintiffs' grants of asylum, thereby depriving Defendants of the full benefits of an asylum grant, including the ability to petition and to reunify their families pursuant to 8 U.S.C. § 1158(b)(3) and 8 C.F.R. § 207.7.

      3.11    This delay in lifting the conditions on the grants of asylum is not attributable to Plaintiffs.

      3.12    Plaintiffs have each made numerous case status inquiries, in an attempt to have the conditions on their asylum grants lifted, all to no avail.

      3.13    Plaintiffs Wang, Mei Yu and Zheng, Min Xing sent a written inquiry in regard to lifting the condition from their asylum grants to the appropriate DHS Office on July 17, 2007. They received no response. *See* Exhibit A.

---

[3] available at: http://www.usdoj.gov/eoir/press/06/REALIDActCPCAsylumRelease042106.htm.

8

3.14    Plaintiff Chen, Ming Qi sent a written inquiry in regard to lifting the condition from their asylum grants to the appropriate DHS Office on August 22, 2006. He received no response. *See* Exhibit B.

3.15    Plaintiff Zhu, Mei Mei sent a written inquiry in regard to lifting the condition from their asylum grants to the appropriate DHS Office on April 20, 2006 and subsequently a second written inquiry dated May 26, 2006, a third written inquiry dated August 24, 2007. She received no response. *See* Exhibit C.

3.16    Plaintiffs Wang, Mei Yu and Zheng, Min Xing have three children, Zheng, Chu Chu, Zheng, Chu Jun and Zheng, Xin Tong currently in China. It has been over 5 years since Plaintiffs were conditionally granted asylum. Plaintiffs cannot petition to confer derivative asylee status to their three children in China. The family has been separated during this entire period.

3.17    Plaintiff Chen, Ming Qi has a wife, Chen, Ming Fang, and three children, Chen, Xiao Yan, Chen, Xiao Ling, and Chen, Yong Xing currently in China. It has been over 7 years since Plaintiff was conditionally granted asylum. Plaintiff cannot petition to confer derivative asylee status to his wife and their three children in China. The family has been separated during this entire period.

3.18    Plaintiffs have been greatly damaged by Defendants' failure to perform the ministerial acts which they have a duty to perform. The damage consists of the following:

a)    Plaintiffs, who already has been adjudicated refugees, have been subjected to additional suffering through unnecessarily and willfully prolonged separation from their families. This separation has caused additional and serious psychological harm to Plaintiffs and their spouses and psychological and/or developmental harm to Plaintiffs' children.

9

(b)      Plaintiffs have suffered an unnecessary delay in obtaining all the rights and privileges deriving from Legal Permanent Residency and U.S. citizenship, including the right to vote and to fully participate in U.S. society and to petition for elderly parents and siblings to immigrate to the United States.

(c)      Plaintiffs have been damaged by simply being deprived of the full benefits of asylum.

## IV. FIRST CAUSE OF ACTION
## VIOLATION OF THE REAL ID ACT

4.1      Plaintiffs adopt by reference the allegations contained in paragraphs 1.1 through

3.15.

4.2      Under the REAL ID Act of 2005, the INA and the relevant Regulations,

Defendants owe Plaintiffs a duty to perform the ministerial acts necessary to lift the condition on

Plaintiffs' grants of asylum.  Defendants' have arbitrarily and unreasonably refused to perform

these ministerial acts.

## V.  SECOND CAUSE OF ACTION
## VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

5.1      Plaintiffs adopt by reference the allegations contained in paragraphs 1.1 through

3.15.

5.2      Defendants are unlawfully withholding or unreasonably delaying action on

Plaintiffs' cases and have failed to carry out the adjudicative functions delegated to them by law

with regard to Plaintiffs' cases, in violation of the Administrative Procedures Act, 5 U.S.C. §701

et seq.

## VI. THIRD CAUSE OF ACTION
## VIOLATION OF DUE PROCESS

6.1      Plaintiffs adopt by reference the allegations contained in paragraphs 1.1 through

3.15.

10

6.2    The delay in lifting the conditions is fundamentally unfair in light of the fact that applicants who have been granted asylum under a coercive population control policy *after* enactment of the REAL ID Act, years after Plaintiffs' were granted conditional asylum, are already enjoying the full benefits of asylum, including the right to adjust status to become permanent residents and the ability to petition for reunification with their families, whereas Plaintiff is still waiting.   Defendants have violated their duty to Plaintiff to ensure that the entire asylum process is fundamentally fair. *See e.g. Burger v. Gonzales*, 2007 U.S. App. LEXIS 19737 at *6 (2nd Cir. 2007) (attached as Exhibit G).

## VII. FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7.1    Defendants' willful refusal, or in the course of more than two years,  to perform simple ministerial actions which would permit the reunification of these refugee Plaintiff with their spouses and children constitutes conduct so extreme and outrageous that it transcends the bounds of decency in a civilized society.  Defendants are liable to Plaintiff for the common law tort of intentional infliction of emotional distress. *See e.g.  Chez Josephine v. Columbia University*, 4 A.D.3d 49, 771 N.Y.S. 2d,16 (N.Y. Sup. Ct. 2004).

## VIII. FIFTH CAUSE OF ACTION
## VIOLATION OF INTERNATIONAL LAW

8.1    Plaintiffs adopt by reference the allegations contained in paragraphs 1.1 through 3.15.

8.2    Defendants' willful refusal to perform simple ministerial acts which is their duty to perform under United States law violates international law and treaties which commit the

11

United States to reunification of refugee families wherever possible. *See eg. United Nations High Commissioner for Refugees Handbook on Procedures and Criteria for Determining Refugee Status under the 1951 Convention and the 1967 Protocol relating to the Status of Refugees,* Reedited, Geneva, January 1992, Chap. VI, "The Principal of Family Unity," (attached as Exhibit G); Universal Declaration of Human Rights, Art. 16.3, (attached as Exhibit I).

## IX.  REQUEST FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enters an order:

(a)    requiring Defendants to lift the condition on Plaintiffs' grants of asylum and issuing them final grant letters;

(b)    awarding Plaintiffs reasonable attorney's fees; and

(c)    granting such other relief at law and in equity as justice may require.

Respectfully submitted,

/s/ Yee Ling Poon
Yee Ling Poon, Esq.
Law Offices of Yee Ling Poon
11 East Broadway, 5th Floor
New York, NY 10038
(212) 385-4575

New York, New York
Date:

12

LIST OF EXHIBITS

A.    Relevant documents for Wang, Mei Yu (A95-461-574) and Zheng,
      Min Xing (A95-461-575)

B.    Relevant documents for Chen, Ming Qi (A 78-225-973).

C.    Relevant documents for Zhu, Mei Mei (A 77-309-529)

D.    September 30, 2003 EOIR Press Release entitled "EOIR Notifies
      Person Eligible for Full Asylum Benefits for Fiscal Year 2003
      Based on Coercive Population Control Policies"1 ("September 30,
      2003 EOIR Press Release)

E.    EOIR "FACT SHEET: *Conditional Grants of Asylum Based on
      Coercive Population Control Policies*"

F.    U.S. Department of Justice (Executive Office for Immigration
      Review) *News Release: Coercive Population Control Cap Is Lifted
      – Full Asylum Granted After Security Clearance* (April 21, 2006)

G.    *Burger v. Gonzales*, 2007 U.S. App. LEXIS 19737 at *6 (2nd Cir.
      2007)

H.    *United Nations High Commissioner for Refugees Handbook on
      Procedures and Criteria for Determining Refugee Status under the
      1951 Convention and the 1967 Protocol relating to the Status of
      Refugees,* Reedited, Geneva, January 1992, Chap. VI, "The
      Principal of Family Unity"

I.    Universal Declaration of Human Rights, Art. 16.3.

---

[1] Available at: http://www.usdoj.gov/eoir/press/03/CPCAsylumRelease0903.pdf.

IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL..RM1237
NEW YORK, NY 10278

In the Matter of

Case No.: A95-461-574

WANG, MEI YU
        Respondent                     IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Feb 19, 2003.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ]  The respondent was ordered removed from the United States to
                                        or in the alternative to

[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to

[ ]  Respondent's application for voluntary departure was granted until
     upon posting a bond in the amount of $ _____
     with an alternate order of removal to

[✓]  Respondent's application for asylum was ( ✓ )granted ( )denied     *Cond.Denially*
     ( )withdrawn.

[✓]  Respondent's application for withholding of removal was ( ✓ )granted
     ( )denied ( )withdrawn.

[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted ( )denied ( )withdrawn.

[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)  ( ) granted under section 240A(b)(2)
     ( ) denied ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted ( )denied ( )withdrawn or ( )other.

[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.

[ ]  Respondent's status was rescinded under section 246.

[ ]  Respondent is admitted to the United States as a _____ until _____.

[ ]  As a condition of admission, respondent is to post a $ _____ bond.

[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.

[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

[✓]  Proceedings were terminated.

[ ]  Other: _____

     Date:  Feb 19, 2003
     Appeal: Waived/Reserved   Appeal Due By: 3/31/03

                                        BRIGITTE LAFOREST
                                        Immigration Judge

ANP

IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL.,RM1237
NEW YORK, NY  10278

In the Matter of

Case No.: A95-461-575

ZHENG, MIN XING
   Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Feb 19, 2003.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[  ]  The respondent was ordered removed from the United States to
                   or in the alternative to

[  ]  Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    alternative to

[  ]  Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to     *Conditionally*

[✓]  Respondent's application for asylum was ( ✓granted ✓ )denied
    ( )withdrawn.

[✓]  Respondent's application for withholding of removal was ( ✓granted
    ( )denied ( )withdrawn.

[  ]  Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.

[  ]  Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.

[  ]  Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.

[  ]  Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn.  If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.

[  ]  Respondent's status was rescinded under section 246.

[  ]  Respondent is admitted to the United States as a _____ until _____.

[  ]  As a condition of admission, respondent is to post a $ _____ bond.

[  ]  Respondent knowingly filed a frivolous asylum application after proper
    notice.

[  ]  Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.

[✓]  Proceedings were terminated.

[  ]  Other: _____

    Date:  Feb 19, 2003
    Appeal: Waived/Reserved ) Appeal Due By: _____

                                BRIGITTE LAFOREST
                                Immigration Judge

AWP

# YEE LING POON

潘綺玲 律師樓

Glory China Tower
11 East Broadway , 5th Floor
New York, NY 10038

Tel.: (212) 385-4575
Fax: (212) 385-4792

July 17, 2007

Office of the Chief Immigration Judge
Attn: CPC Status Inquiry
5107 Leesburg Pike, Suite 2500
Falls Church, VA 22041

**RE:** **CONDITIONAL GRANT REMOVAL STATUS INQUIRY**
WANG, Mei Yu          A95-461-574
ZHENG, Min Xing       A95-461-575

To Whom It May Concern:

Mr. Zheng and Ms. Wang were granted conditional asylum by the Immigration Judge on **02/19/2003**. They were fingerprinted on **02/09/2007**. To date, they have not received the notices advising them that their conditions have been removed. Their addresses have not been changed. They remain at **1007 Clarkson Avenue, #1R, Brooklyn, NY 11212.**

Enclosed, please find the copies of the Immigration Judge's Order. Please remove the conditions on Mr. Zheng's and Ms. Wang's Asylum as soon as possible.

Thank you for your attention to this matter.

Very truly yours,

Yee Ling Poon

Encl.

THE UNITED STATES OF AMERICA

| | | NOTICE DATE |
|---|---|---|
| Fingerprint Notification | | February 02, 2007 |
| CASE TYPE | | USCIS A# |
| I589    Application For Asylum | | A 095 461 574 |
| APPLICATION NUMBER | RECEIVED DATE | PRIORITY DATE | PAGE |
| FPS*003949906 | February 01, 2007 | February 01, 2007 | 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
MEI YU WANG
1007 CLARKSON AVENUE #1R
BROOKLYN NY 11212



ıılıılıılıılıılıılıılıl

To continue processing your application, USCIS must send your fingerprints to the Federal Bureau of Investigation for a background check. All asylum applicants and their dependents included in their asylum application who are fourteen (14) years old or older at the time of filing must have their fingerprints taken at the below USCIS Application Support Center (ASC).

| | | **Hours of Operation** |
|---|---|---|
| **Address** | **14-Day Period** | **CLOSED ON FEDERAL HOLIDAYS** |
| CIS BROOKLYN | 02/05/2007 | Sun, Mon Closed |
| 227 LIVINGSTON ST. | to | Tues-Sat 8am-4pm |
| BROOKLYN NY 11201 | 02/19/2007 | |

Failure to appear for scheduled fingerprints during the 14-day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application or referred it to an Immigration Judge.

When you appear for fingerprinting, you MUST BRING THIS NOTICE. **If you do not bring this notice, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application.** You should also bring photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID. If you do not have any photo identification, please expect a minor delay; as you will need to be interviewed by a USCIS officer regarding your identity. **Note: Asylum applicants are not required to present identification documents in order to be fingerprinted.**

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Please inform the office with jurisdiction over your application immediately, in writing, of any address changes. Include your name, signature, address, and USCIS A#. If you have any questions or comments regarding the status of your application, please contact the Office with jurisdiction over your application.

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY

Form I-797C (Rev. 01/31/05) N

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE<br>February 02, 2007 |
|---|---|---|---|
| CASE TYPE<br>I589    Application For Asylum | | | USCIS A#<br>A 095 461 575 |
| APPLICATION NUMBER<br>FPS*003949907 | RECEIVED DATE<br>February 01, 2007 | PRIORITY DATE<br>February 01, 2007 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
MIN XING ZHENG
1007 CLARKSON AVENUE #1R
BROOKLYN NY 11212



To continue processing your application, USCIS must send your fingerprints to the Federal Bureau of Investigation for a background check. All asylum applicants and their dependents included in their asylum application who are fourteen (14) years old or older at the time of filing must have their fingerprints taken at the below USCIS Application Support Center (ASC).

| Address | 14-Day Period | Hours of Operation<br>CLOSED ON FEDERAL HOLIDAYS |
|---|---|---|
| CIS BROOKLYN<br>227 LIVINGSTON ST.<br>BROOKLYN NY 11201 | 02/05/2007<br>02/19/2007 | Sun, Mon Closed<br>Tues-Sat 8am-4pm |

Failure to appear for scheduled fingerprints during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application or referring it to an Immigration Judge.

When you appear for fingerprinting, you MUST BRING THIS NOTICE. If you do not bring this notice, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application. You should also bring photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by a USCIS officer regarding your identity. Note: Asylum applicants are not required to present identification documents in order to be fingerprinted.

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Please inform the office with jurisdiction over your application immediately, in writing, of any address changes. Include your name, signature, address, and USCIS A#. If you have any questions or comments regarding the status of your application, please contact the Office with jurisdiction over your application.

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY

Form I-797C (Rev. 01/31/05) N

# THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE November 10, 2005 |
|---|---|---|---|
| CASE TYPE I589    Application For Asylum | | | INS A# A 095 461 574 |
| APPLICATION NUMBER FPS*003348930 | RECEIVED DATE November 07, 2005 | PRIORITY DATE November 07, 2005 | PAGE 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
MEI YU WANG
1007 CLARKSON AVENUE #1R
BROOKLYN NY 11212





To continue processing your application, INS must send your fingerprints to the Federal Bureau of Investigation for a background check. All asylum applicants and their dependents included in their asylum application who are fourteen (14) years old or older at the time of filing must have their fingerprints taken at the below INS Application Support Center (ASC).

| Address | 14-Day Period | Hours of Operation CLOSED ON FEDERAL HOLIDAYS |
|---|---|---|
| INS BROOKLYN 227 LIVINGSTON ST. BROOKLYN NY 11201 | 11/13/2005 11/27/2005 | Sun, Mon  Closed Tues-Sat 8am-4pm |

Failure to appear for scheduled fingerprints during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application or referring it to an Immigration Judge.

When you appear for fingerprinting, you MUST BRING THIS NOTICE. If you do not bring this notice, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application. You should also bring photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or INS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by an INS officer regarding your identity. Note: Asylum applicants are not required to present identification documents in order to be fingerprinted.

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Please inform the office with jurisdiction over your application immediately, in writing, of any address changes. Include your name, signature, address, and INS A#. If you have any questions or comments regarding the status of your application, please contact the Office with jurisdiction over your application.

If you have any questions regarding this notice please call 1-800-375-5283.

APPLICANT COPY

Form I-797C (Rev. 08/31/04) N

# THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE<br>November 10, 2005 |
|---|---|---|---|
| CASE TYPE<br>I589     Application For Asylum | | | INS A#<br>A 095 461 575 |
| APPLICATION NUMBER<br>FPS*003348931 | RECEIVED DATE<br>November 07, 2005 | PRIORITY DATE<br>November 07, 2005 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
MIN XING ZHENG
1007 CLARKSON AVENUE #1R
BROOKLYN NY 11212





To continue processing your application, INS must send your fingerprints to the Federal Bureau of Investigation for a background check. All asylum applicants and their dependents included in their asylum application who are fourteen (14) years old or older at the time of filing must have their fingerprints taken at the below INS Application Support Center (ASC).

| Address | 14-Day Period | Hours of Operation<br>CLOSED ON FEDERAL HOLIDAYS |
|---|---|---|
| INS BROOKLYN<br>227 LIVINGSTON ST.<br>BROOKLYN NY 11201 | 11/13/2005<br>to<br>11/27/2005 | Sun, Mon -Closed<br>Tues-Sat 8am-4pm |

Failure to appear for scheduled fingerprints during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application or referring it to an Immigration Judge.

When you appear for fingerprinting, you MUST BRING THIS NOTICE. If you do not bring this notice, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application. You should also bring photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or INS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by an INS officer regarding your identity. Note: Asylum applicants are not required to present identification documents in order to be fingerprinted.

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Please inform the office with jurisdiction over your application immediately, in writing, of any address changes. Include your name, signature, address, and INS A#. If you have any questions or comments regarding the status of your application, please contact the Office with jurisdiction over your application.

ASC SITE CODE:
BIOMETRICS QA REVIEW BY:
ON
TEN PRINTS QA REVIEW BY:
ON
APPLICANT COPY

| If you have any questions regarding this notice, please call 1-800-375-5283 | |

IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL.,RM1237
NEW YORK, NY  10278

In the Matter of

Case No.: A78-225-973

CHEN, MING QI
    Respondent                    IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on May 21 2002.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[  ]  The respondent was ordered removed from the United States to
                                        or in the alternative to

[  ]  Respondent's application for voluntary departure was denied and
      respondent was ordered removed to
      alternative to

[  ]  Respondent's application for voluntary departure was granted until
          upon posting a bond in the amount of $ _____
      with an alternate order of removal to

[ ✓ ]  Respondent's application for asylum was ( ✓ )granted  Conditionally (qa)  ( )denied
      ( )withdrawn.

[ ✓ ]  Respondent's application for withholding of removal was ( ✓ )granted
      ( )denied ( )withdrawn.

[  ]  Respondent's application for cancellation of removal under section
      240A(a) was ( )granted ( )denied ( )withdrawn.

[  ]  Respondent's application for cancellation of removal was ( ) granted
      under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
      ( ) denied ( ) withdrawn.  If granted, it was ordered that the
      respondent be issued all appropriate documents necessary to give
      effect to this order.

[  ]  Respondent's application for a waiver under section _____ of the INA was
      ( )granted ( )denied ( )withdrawn or ( )other.

[  ]  Respondent's application for adjustment of status under section _____
      of the INA was ( )granted ( )denied ( )withdrawn.  If granted, it
      was ordered that respondent be issued all appropriate documents necessary
      to give effect to this order.

[  ]  Respondent's status was rescinded under section 246.

[  ]  Respondent is admitted to the United States as a _____ until _____.

[  ]  As a condition of admission, respondent is to post a $ _____ bond.

[  ]  Respondent knowingly filed a frivolous asylum application after proper
      notice.

[  ]  Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.

[  ]  Proceedings were terminated.

[  ]  Other: _____
      Date: Aug 14 2001 /May 21, 2002
      Appeal: (Waived) Reserved    Appeal Due By _____

                                        JEFFREY S. CHASE
                                        Immigration Judge

TBW

LAW OFFICES OF
# YEE LING POON

潘綺玲 律師樓

Glory China Tower
11 East Broadway , 5th Floor
New York, NY 10038

Tel.: (212) 385-4575
Fax: (212) 385-4792

Date: _8/22/06._

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court
26 Federal Plaza, 12th Floor
New York, NY 10278

## CONDITIONAL GRANT REMOVAL STATUS INQUIRY

Re: _CHEN, Ming Qi_

A#  _78 - 225 - 973_

Date of Conditional Grant _5/21/02_

Date most recent fingerprint taken _None._

Address (NO CHANGE) _203 Mott Street, #4_

_NY, NY 10012_

To whom it may concern,

    Please be informed that the above-referenced applicant still has not received any
letter removing the condition of the asylum grant based on Section 601 of IRRAIRA
(coercive family planning policy). The undersigned would appreciate it if you could
look into this matter and advise the undersigned as to the status of the applicant's
background security investigation by the DHS.

    Attached is my E-28 for the applicant. I certify that I have served a copy of this letter and
the attachments to the Office of Chief Counsel. Thank you for your attention and assistance is
this matter.

                                Very truly yours,

                                Yee Ling Poon/TG,

                                Yee Ling Poon

I hereby enter my appearance as attorney or representative for, and at the request of, the following named person(s):

**DATE (mm/dd/yy):** 8/22/06

**ALIEN NUMBER(S)** (List lead alien number and all family member alien numbers, if applicable.)

A78-225-973

**NAME:** Ming Qi (First) _____ (Middle Initial) CHEN (Last)

**ADDRESS:** 203 Mott Street (Number and Street) #4 (Apt. No.)

New York (City) NY (State) 10012 (Zip Code)

Please check one of the following:

[X] 1. I am a member in good standing of the bar of the highest court(s) of the following state(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia:

| Full Name of Court | State Bar No. (if applicable) |
|---|---|
| New York State | |
| Federal District Court | |

(Please use space on reverse side to list additional jurisdictions.)

I [X] am not (or [ ] am – explain fully on reverse side) subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law and the courts listed above comprise all of the jurisdictions (other than federal courts) where I am licensed to practice law.

[ ] 2. I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1292.2 (provide name of organization):

_____

[ ] 3. I am a law student or law graduate, reputable individual, accredited official, or other person authorized to represent individuals pursuant to 8 C.F.R. § 1292.1 (explain fully on reverse side).

*I have read and understand the statements provided on the reverse side of this form that set forth the regulations and conditions governing appearances and representation before the Immigration Court. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

| SIGNATURE OF ATTORNEY OR REPRESENTATIVE | EOIR ID# | PHONE NUMBER (with area code) | DATE (mm/dd/yy) |
|---|---|---|---|
| X _(signature)_ | | (212)385-4575 | 8/22/06 |

| NAME OF ATTORNEY OR REPRESENTATIVE (type or print) | ADDRESS | [ ] Check here if new address |
|---|---|---|
| Yee Ling Poon | Law Offices of Yee Ling Poon 11 East Broadway, 5th Floor New York, NY 10038 | |

Form EOIR - 28
Rev. June 2005

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

## THE UNITED STATES OF AMERICA

| Fingerprint Notification | | NOTICE DATE February 02, 2007 |
|---|---|---|
| CASE TYPE I589    Application For Asylum | | USCIS A# A 078 225 973 |
| APPLICATION NUMBER FPS*003949362 | RECEIVED DATE February 01, 2007 | PRIORITY DATE February 01, 2007 | PAGE 1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
MING QI CHEN
203 MOTT ST #4
NEW YORK NY 10012



SC SITE CODE
!OMETRICSQAREVIEWBY
ON
ENPRINTSQAREVIEWBY:
ON

To continue processing your application, USCIS must send your fingerprints to the Federal Bureau of Investigation for a background check. All asylum applicants and their dependents included in their asylum application who are fourteen (14) years old or older at the time of filing must have their fingerprints taken at the below USCIS Application Support Center (ASC).

| Address | 14-Day Period | Hours of Operation CLOSED ON FEDERAL HOLIDAYS |
|---|---|---|
| CIS NEW YORK VARICK ST. 201 VARICK STREET 1023 NEW YORK NY 10014 | 02/05/2007 to 02/19/2007 | Sat, Sun  Closed Mon - Fri 8am-4pm |

Failure to appear for scheduled fingerprints during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application or referring it to an Immigration Judge.

When you appear for fingerprinting, you MUST BRING THIS NOTICE. **If you do not bring this notice, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application. You should also bring photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by a USCIS officer regarding your identity. Note: Asylum applicants are not required to present identification documents in order to be fingerprinted.**

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Please inform the office with jurisdiction over your application immediately, in writing, of any address changes. Include your name, signature, address, and USCIS A#. If you have any questions or comments regarding the status of your application, please contact the Office with jurisdiction over your application.

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY



Form I-797C (Rev. 01/31/05) N

IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL., RM1237
NEW YORK, NY  10278

In the Matter of

Case No.: A77-309-529

ZHU, MEI MEI*
      Respondent                    IN REMOVAL PROCEEDINGS

                  ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on May 13, 2005.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[  ]  The respondent was ordered removed from the United States to
      or in the alternative to

[  ]  Respondent's application for voluntary departure was denied and
      respondent was ordered removed to
      or in the alternative to

[  ]  Respondent's application for voluntary departure was granted until
      upon posting a bond in the amount of $ _____
      with an alternate order of removal to

Respondent's application for:

[  ]  Asylum was ( ) granted ( ) denied ( ) withdrawn    *Conditional*

[  ]  Withholding of removal was ( ) granted ( ) denied ( ) withdrawn

[  ]  A Waiver under Section _____ was ( ) granted ( ) denied ( ) withdrawn

[  ]  Cancellation under Section 240A(a) was ( ) granted ( ) denied ( ) withdrawn

Respondent's application for:

[  ]  Cancellation under Section 240A(b)(1) was ( ) granted ( ) denied
      ( ) withdrawn.  If granted it is ordered that the respondent be issued
      all appropriated documents necessary to give effect to this order.

[  ]  Cancellation under Section 240A(b)(2) was ( ) granted ( ) denied
      ( ) withdrawn.  If granted it is ordered that the respondent be issued
      all appropriated documents necessary to give effect to this order.

[  ]  Adjustment of Status under Section _____ was ( ) granted ( ) denied
      ( ) withdrawn.  If granted it is ordered that the respondent be issued
      all appropriated documents necessary to give effect to this order.

[  ]  Respondent's application of ( ) withholding of removal ( ) deferral of
      removal under Article III of the Convention Against Torture was
      ( ) granted ( ) denied ( ) withdrawn.

[  ]  Respondent's status was rescinded under section 246.

[  ]  Respondent is admitted to the United States as a _____ until _____

[  ]  As a condition of admission, respondent is to post a $ _____ bond.

[  ]  Respondent knowingly filed a frivolous asylum application after proper
      notice.

[  ]  Respondent was advised of the limitation on discretionary relief for
      failure to appear as ordered in the Immigration Judge's oral decision.

[  ]  Proceedings were terminated.

[  ]  Other:

Date: May 13, 2005

                                      ROBERT D. WEISEL
                                      Immigration Judge

NTT

LAW OFFICES OF
# YEE LING POON

潘綺玲 律師樓

Glory China Tower
11 East Broadway , 5th Floor
New York, NY 10038

Tel.: (212) 385-4575
Fax: (212) 385-4792

_4/20/06_

Executive Office for Immigration Review
5107 Leesburg Pike, Suite 2500
Falls Church, VA 22041
Attn: CPC Status Inquiry

## CONDITIONAL GRANT REMOVAL STATUS INQUIRY

Re: _ZHU, Mei Mei_

A# _77-309-529_

Date of Conditional Grant _05/13/05_

Date most recent fingerprint taken _None_

Address _148 Madison St., #6F_
_New York, NY 10002_

To whom it may concern,

Please be informed that the above-referenced applicant still has not received any letter removing the condition of the asylum grant based on Section 601 of IRRAIRA (coercive family planning policy). The undersigned would appreciate it if you could look into this matter and advise the undersigned as to the status of the applicant's background security investigation by the DHS.

Thank you for your attention and assistance.

Very truly yours,

Yee Ling Poon/u.

Yee Ling Poon

LAW OFFICES OF
# YEE LING POON

潘綺玲 律師樓

Glory China Tower
11 East Broadway, 5th Floor
New York, NY 10038

Tel.: (212) 385-4575
Fax: (212) 385-4792

Date: _5/26/06_

U.S. Department of Justice
Executive Office for Immigration Review
Immigration Court
26 Federal Plaza, 12th Floor
New York, NY 10278

## CONDITIONAL GRANT POST HEARING UPDATE

Re: _ZHU, Mei Mei_     A# _77-309-529_

Date of Conditional Grant by IJ _Weisel_ on _05/13/05_

Date most recent fingerprint taken _None_

New Address _148 Madison St., #6F_
_New York, NY 10002_

To whom it may concern,

The above-referenced applicant still has not received any letter removing the condition of the asylum grant based on Section 601 of IRRAIRA (coercive family planning policy). Please forward the change of address to the appropriate agency as soon as possible and let us know if there is anything we can do to expedite the process of obtaining the letter removing the conditional grant.

Attached is the change of address Form E-33 and my E-28. I certify that I have served a copy of this letter and the attachments to the Office of Chief Counsel. Thank you for your attention and assistance is this matter.

Very truly yours,

Yee Ling Poon/
Yee Ling Poon

LAW OFFICES OF
# YEE LING POON

潘綺玲 律師樓

Glory China Tower
11 East Broadway , 5th Floor
New York, NY 10038

Tel.: (212) 385-4575
Fax: (212) 385-4792

August 24, 2007

Office of the Chief Immigration Judge
Attn: CPC Status Inquiry
5107 Leesburg Pike, Suite 2500
Falls Church, VA 22041

**RE:  CONDITIONAL GRANT REMOVAL STATUS INQUIRY**
ZHU, Mei Mei                A77-309-529

To Whom It May Concern:

Ms. Zhu was granted conditional asylum by the Immigration Judge on **05/13/2005**.  She was fingerprinted on **02/28/2007**.  To date, she has not received a notice advising her that her conditions have been removed.  Her address has been changed.

The Old Address is:        191 Henry Street, #5, New York, NY 10002

The New Address is:        148 Madison Street, #6F, New York, NY 10002

Enclosed, please find a copy of the Immigration Judge's Order and the Change of Address Form.  Please remove the conditions on Ms. Zhu's Asylum as soon as possible.

Thank you for your attention to this matter.

Very truly yours,

Yee Lj Poon/SH

Yee Ling Poon

Encl.

716
(SH)

**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*

OMB#1125-0004; Exp. August 31, 2005
**Alien's Change of Address Form/**
**Immigration Court**

You are required to notify the Executive Office for Immigration Review (EOIR) of any change of address and any change of telephone number within five (5) days of moving or changing your address or phone number. You will receive notification as to the time, date, and place of hearing or other official correspondence only at the address which you provide.

*Name:* ZHU, Mei Mei          *Alien Number:* A 77-309-529

| My OLD address was: | My NEW address is: |
|---|---|
| ("In care of" other person, if any) | ("In care of" other person, if any) |
| | 148 Madison St., #6F |
| 191 Henry Street, #5 | (Number, Street, Apartment) |
| (Number, Street, Apartment) | New York, NY 10002 |
| New York, NY 10002 | (City, State and ZIP Code) |
| (City, State and ZIP Code) | |
| | (Country, if other than U.S.) |
| (Country, if other than U.S.) | (New Telephone Number) |

**SIGN HERE** ➡ X  x Mei Mei zhu          9/13/06
Signature                                        Date

## PROOF OF SERVICE
### (You Must Complete This)

I ___Yee Ling Poon___ mailed or delivered a copy of this Change of Address Form on __9/13/06__
(Name)                                                              (Date)

to the District Counsel for the Department of Homeland Security at _26 Federal Plaza, 11th Floor, New York, NY 10278_
(Address of INS District Counsel)

**SIGN HERE** ➡ X 
Signature

Form EOIR - 33/IC
Revised 11/02

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE<br>February 02, 2007 |
|---|---|---|---|
| CASE TYPE<br>I589     Application For Asylum | | | USCIS A#<br>A 077 309 529 |
| APPLICATION NUMBER<br>FPS*003949032 | RECEIVED DATE<br>February 01, 2007 | PRIORITY DATE<br>February 01, 2007 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
MEI-MEI ZHU
191 HENRY ST  2ND FLR #5
NEW YORK NY  10002



To continue processing your application, USCIS must send your fingerprints to the Federal Bureau of Investigation for a background check. All asylum applicants and their dependents included in their asylum application who are fourteen (14) years old or older at the time of filing must have their fingerprints taken at the below USCIS Application Support Center (ASC).

| Address | 14-Day Period | Hours of Operation<br>CLOSED ON FEDERAL HOLIDAYS |
|---|---|---|
| CIS NEW YORK VARICK ST.<br>201 VARICK STREET<br>1023<br>NEW YORK NY 10014 | 02/05/2007<br>to<br>02/19/2007 | Sat, Sun  Closed<br>Mon - Fri 8am-4pm |

Failure to appear for scheduled fingerprints during the 14-Day period may delay eligibility for work authorization and/or result in an asylum officer dismissing your asylum application or referring it to an Immigration Judge.

When you appear for fingerprinting, you MUST BRING THIS NOTICE. **If you do not bring this notice, you will not be able to have your fingerprints taken. This may cause a delay in the processing of your application. You should also bring** photo identification such as a passport, valid driver's license, national ID, military ID, State-issued photo ID, or USCIS-issued photo ID. If you do not have any photo identification, please expect a minor delay, as you will need to be interviewed by a USCIS officer regarding your identity. **Note: Asylum applicants are not required to present identification documents in order to be fingerprinted.**

Please note that the staff at the ASC will not be able to answer any questions about the status of your application. We appreciate your patience during the process.

Please inform the office with jurisdiction over your application immediately, in writing, of any address changes. Include your name, signature, address, and USCIS A#. If you have any questions or comments regarding the status of your application, please contact the Office with jurisdiction over your application.

If you have any questions regarding this notice, please call 1-800-375-5283.

BIOMETRICS PROCESSING STAMP

ASC SITE CODE:
BIOMETRICS QA REVIEW BY:
393884  ON  2/28/07
TENPRINTS QA REVIEW BY:
ON

APPLICANT COPY





**U.S. Department of Justice**
Executive Office for Immigration Review
*Office of the Director*
*5107 Leesburg Pike, Suite 2600*
*Falls Church, Virginia 22041*

# NEWS RELEASE

Contact:     Public Affairs Office
             (703)305-0289, Fax: (703)605-0365
Internet:    www.usdoj.gov/eoir

September 30, 2003

## EOIR Notifies Persons Eligible for Full Asylum Benefits for Fiscal Year 2003 Based on Coercive Population Control Policies

FALLS CHURCH, VA – The Executive Office for Immigration Review (EOIR) today announced that notices have been sent to those individuals in the United States with conditional grants of asylum based on resistance to a coercive population control program (CPC) who now are fully eligible for all asylum benefits. The spouses and children of these individuals also are eligible for all asylum benefits if they were properly included in the application for asylum (Form I-589) as dependents and if they reside in the United States. (To receive asylum benefits as dependents, children must be under 21 years of age or classified as children under the Child Status Protection Act.)

The law specifically limits the number of individuals who can be granted asylum on grounds related to CPC to 1,000 per fiscal year (FY). Asylum is granted to such individuals on a conditional basis by Immigration Judges and by the Board of Immigration Appeals in EOIR, or by Asylum Officers in the Bureau of Citizenship and Immigration Services (CIS) of the Department of Homeland Security (formerly the Immigration and Naturalization Service). Because the number of individuals who annually establish eligibility for asylum based on CPC has been greater than 1,000, these individuals are placed on a waiting list and remain in conditional grant status until one of the 1,000 final approval authorization numbers becomes available. More than 7,000 asylum applicants currently are on the waiting list. Consequently, for those who were granted conditional asylum during FY 2003, the waiting period for full asylum benefits is approximately 7 years.

Each fiscal year, EOIR and CIS chronologically arrange all conditional asylum grants by the date of the conditional grant, convert no more than 1,000 to full asylum grants, and then notify the grantees by mail. Final approval for full asylum benefits cannot be issued in an individual case until the required identity, background, and security checks have been completed for the principal applicant and for all included dependent family members in the United States.

The CIS has issued approximately 890 of the 1,000 FY 2003 final approval authorization numbers. Most individuals who were conditionally granted asylum by EOIR or CIS on or before April 19, 2000, and whose identity, background, and security checks have been updated and cleared, have been notified of eligibility for full asylum benefits.

Because of additional security check requirements for FY 2003, the process of issuing the 1,000 final asylum approvals has taken longer than in previous years, and final approvals are being issued in

(more)

smaller groups than in the past. CIS is closely monitoring the results of the security checks and is issuing final approvals of asylum, as individuals receive their security clearances, up to the 1,000 annual cap.

**Status Inquiries**

Persons who were granted conditional asylum on or before April 19, 2000, but who have not received a notice regarding final asylum approval, should check on the status of their final asylum approval, if they have not already done so, by sending a letter to the appropriate address specified below. The letter should include:

- Full name of the person who filed the asylum application and has been granted conditional asylum,
- His or her date of birth,
- His or her alien number,
- His or her current address, and
- A copy of the order or letter granting conditional asylum.

*When the conditional grant of asylum was issued by an Immigration Judge,* status inquiries must be sent to:

> Office of the Chief Immigration Judge
> Attn: CPC Status Inquiry
> 5107 Leesburg Pike, Suite 2500
> Falls Church, VA 22041

*When the conditional grant of asylum was issued by the Board of Immigration Appeals,* status inquiries must be sent to:

> Board of Immigration Appeals
> Clerk's Office
> Attn: CPC Status Inquiry
> Post Office Box 8530
> 5201 Leesburg Pike, Suite 1300
> Falls Church, VA 22041            Phone: 703-605-1007

*When the conditional grant of asylum was issued by a CIS Asylum Officer,* status inquiries must be sent to the CIS Asylum Office that has jurisdiction over the conditional grantee's residence. The CIS Web site at http://www.bcis.gov/graphics/fieldoffices/alphaa.htm provides the jurisdiction and addresses of the eight CIS Asylum Offices.

**Required Actions for Individuals with Conditional Asylum**

Persons who remain in conditional asylum status must comply with any requests to appear for fingerprinting or other background clearance procedures. They also must provide any changes of address promptly in the following manner:

*When the conditional grant of asylum was issued by an Immigration Judge*, individuals must submit to the Immigration Court that last had jurisdiction over their case a completed Form EOIR-33/IJ, "Change of Address Form," within **5 days** of any change of address. Addresses for the Immigration Courts can be found on the EOIR Web site at http://www.usdoj.gov/eoir/sibpages/ICadr.htm. They also must submit a completed Form AR-11, "Alien's Change of Address Card," within **10 days** of any change of address to the Department of Homeland Security at the address indicated in the form instructions.

*When the conditional grant of asylum was issued by the Board of Immigration Appeals*, individuals must submit a completed Form EOIR-33/BIA, "Change of Address Form," within **5 days** of any change of address to the address below:

> Board of Immigration Appeals
> Clerk's Office
> Post Office Box 8530
> 5201 Leesburg Pike, Suite 1300
> Falls Church, VA  22041              Phone: 703-605-1007

They also must submit a completed Form AR-11, "Alien's Change of Address Card," within **10 days** of any change of address to the Department of Homeland Security at the address indicated in the form instructions.

*When the conditional grant of asylum was issued by a CIS Asylum Officer*, individuals must submit to the Department of Homeland Security at the address indicated in the form instructions a completed Form AR-11, "Alien's Change of Address Card," within **10 days** of any change of address. They also should send a copy of their completed Form AR-11 to the CIS Asylum Office that has jurisdiction over their residence. The CIS Web site at http://www.bcis.gov/graphics/fieldoffices/alphaa.htm provides the jurisdiction and addresses of the eight CIS Asylum Offices.

Change of address forms are available as follows:

- Forms EOIR-33/IJ and EOIR-33/BIA are available on the EOIR Web site at http://www.usdoj.gov/eoir/formslist.htm, and
- Form AR-11 is available at local post offices, CIS offices, and on the CIS Web site at http://www.bcis.gov/graphics/formsfee/forms/ar-11.htm.

Note:  Failure to notify the Government of a change of address, as specified above, may result in ineligibility for a final grant of asylum.

## For More Information

Additional information about CPC and asylum is available on the CIS Web site at http://www.bcis.gov/graphics/services/asylum/cpc.htm. News releases and a fact sheet regarding the annual issuance of full asylum benefits based on CPC are available on EOIR's Web site at http://www.usdoj.gov/eoir/press/press.htm.

Individuals who have received final asylum approval notices may obtain information about their benefits and responsibilities on the CIS Web site at http://www.bcis.gov/graphics/services/asylum/types.htm#grant.

-- EOIR --



U.S. Department of Justice
Executive Office for Immigration Review
*Office of the Director*
*5107 Leesburg Pike, Suite 2600*
*Falls Church, Virginia 22041*

# FACT SHEET

**Contact:** Office of Legislative and Public Affairs
(703)305-0289 Fax: (703)605-0365
**Internet:** www.usdoj.gov/eoir

December 16, 2004 (Revised)

## Conditional Grants of Asylum Based on Coercive Population Control Policies

The law limits the number of individuals who may be granted asylum or refugee status on the basis of resistance to a coercive population control (CPC) program to 1,000 per fiscal year (FY). The Immigration Judges and the Board of Immigration Appeals (BIA) of the Executive Office for Immigration Review (EOIR) in the Department of Justice (DOJ), and the U.S. Citizenship and Immigration Services (USCIS) in the Department of Homeland Security (DHS), have the authority to grant asylum. Therefore, each year, DOJ and DHS must coordinate closely with each other to ensure that all 1,000 approvals are issued and that the 1,000 cap is not exceeded. This fact sheet provides basic information about that process.

### Definition of CPC Asylum

Section 601 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 expanded the definition of "refugee" to include individuals who have been persecuted or have a well-founded fear of persecution on account of resistance to a CPC program. The expanded definition, found in section 101 (a)(42)(B) of the Immigration and Nationality Act (INA), provides that:

> "...a person who has been forced to abort a pregnancy or undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well-founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well-founded fear of persecution on account of political opinion."

### Conditional Grants of Asylum

Because the number of individuals who may be approved for asylum based on CPC is limited, EOIR and USCIS grant asylum on a **conditional basis** until a determination is made that a final approval, with eligibility for full asylum benefits, can be made under the 1,000 cap. Each year since FY 1998, the number of individuals receiving asylum on a conditional basis has exceeded the 1,000 annual limit. Consequently, DHS maintains a waiting list, arranged in chronological order of all conditional asylum grants. During FY 2004, the list numbered more than 9,000 asylum applicants, making the waiting period approximately 9 years for new conditional grantees.

(more)

Conditional Grants of Asylum Based on Coercive Population Control Policies
Page 2

The date of the conditional grant determines a person's place on the waiting list, subject to a determination that all required identity, background, and security checks are completed, cleared, and up-to-date. It is important to note that, if an Immigration Judge issues a conditional grant of asylum and that grant is appealed to the BIA, the Immigration Judge's decision is not final until the BIA decides the case. A conditional grant of asylum that is on appeal is not included in the waiting list for a final approval authorization number until the BIA affirms the Immigration Judge's conditional grant of asylum. The date of the conditional grant in such a case is the date that the BIA affirmed the Immigration Judge's decision, not the date of the original Immigration Judge order.

A conditional grant of asylum remains in effect until the USCIS or EOIR either converts the case to a final asylum grant or determines that the individual is no longer eligible for asylum and reopens the case.

Although only the principal asylum applicant is counted towards the 1,000 cap, the benefits and responsibilities of conditional grant status extend to the principal's spouse and children under age 21 at the time the asylum application was filed, who are present in the United States, and who were properly included in the individual's asylum application.

Individuals with conditional grants of asylum may obtain information about their benefits and responsibilities on the USCIS Web site at http://uscis.gov/graphics/services/asylum/cpc.htm.

Issuance of Final Approval Notices Granting Eligibility for Full Asylum Benefits

Each fiscal year, 1,000 conditional grants are converted to full asylum approvals, and the grantees are notified by mail. Final approval for full asylum benefits cannot be issued on an individual case until the required identity, background, and security checks have been completed for the principal applicant and all included dependent family members in the United States.

Annually, EOIR publishes on its Web site at http://www.usdoj.gov/eoir/press/press.htm a news release that provides an estimated cut-off conditional grant date. The news release indicates that all individuals with conditional grants prior to that date – whose identity, background, and security checks were current and complete and who were still eligible for a grant of asylum – should have received a final asylum approval notice indicating eligibility for full asylum benefits. It also provides instructions for individuals who were granted conditional asylum on or before that date but have not yet received their notices of final asylum approval.

Required Actions for Individuals with Conditional Grants of Asylum

Persons who remain in conditional asylum status must promptly:

* Comply with any requests to appear for fingerprinting and biometrics or other background clearance procedures, and
* Report any change of address, and
* Ensure that any change in attorney or representative for their asylum case is reported to appropriate agencies.

(more)

Conditional Grants of Asylum Based on Coercive Population Control Policies
Page 3

1.  **Identity, Background, and Security Check Procedures**

    The law requires that all asylum applicants undergo certain identity, background, and security checks before being issued a final asylum approval. This requirement also applies to their dependents (spouse and/or children), who are over the age of 14. Persons with a conditional grant of asylum should be aware that Federal Bureau of Investigation (FBI) fingerprint check results – and the results of other identity, background, and security checks – expire and must be refreshed periodically. This means that, even if conditional grantees have already been fingerprinted, they may have to present themselves again for fingerprinting and biometrics or follow-up appointments related to fingerprinting and biometrics before being issued a final approval with full asylum benefits. To prevent delays in processing, or termination of conditional grant status, conditional grantees and their dependents must comply with all fingerprint and biometrics notices and requests for follow-up regarding background check results.

    USCIS monitors the clearance and expiration of fingerprint results. Conditional grantees should not take any independent actions to be fingerprinted. They should wait until they receive a notice.

2.  **Change of Address**

    Persons who move must provide any changes of address promptly in the following manner:

    * *If an Immigration Judge issued the conditional grant of asylum*, individuals must submit to the Immigration Court that last had jurisdiction over their case a completed Form EOIR-33/IJ, "Change of Address Form," within 5 days of any change of address. Addresses for the Immigration Courts can be found on the EOIR Web site at http://www.usdoj.gov/eoir/sibpages/ICadr.htm. They also must submit a completed Form AR-11, "Alien's Change of Address Card," within 10 days of any change of address to the Department of Homeland Security at the address indicated in the form instructions.

    * *If the Board of Immigration Appeals issued the conditional grant of asylum*, individuals must submit a completed Form EOIR-33/BIA, "Change of Address Form," within 5 days of any change of address to the address below:

        Board of Immigration Appeals
        Clerk's Office
        Post Office Box 8530
        Falls Church, VA 22041          Phone: 703-605-1007

        They also must submit a completed Form AR-11, "Alien's Change of Address Card," within 10 days of any change of address to the Department of Homeland Security at the address indicated in the form instructions.

(more)

Conditional Grants of Asylum Based on Coercive Population Control Policies
Page 4

- *If a USCIS Asylum Officer issued the conditional grant of asylum,* individuals must submit to the Department of Homeland Security at the address indicated in the form instructions a completed Form AR-11, "Alien's Change of Address Card," within **10 days** of any change of address. They **also** should send a copy of their completed Form AR-11 to the USCIS Asylum Office that has jurisdiction over their residence. The USCIS Web site at http://uscis.gov/graphics/fieldoffices/alphaa.htm provides the jurisdiction and addresses of the eight USCIS Asylum Offices.

Change of address forms are available as follows:
- Forms EOIR-33/IJ and EOIR-33/BIA are available on the EOIR Web site at http://www.usdoj.gov/eoir/formslist.htm, and
- Form AR-11 is available at local post offices, USCIS offices, and on the USCIS Web site at http://uscis.gov/graphics/formsfee/forms/ar-11.htm.

**Note:** Failure to notify the Government of a change of address, as specified above, may result in ineligibility for a final grant of asylum.

3.    Change in Attorney or Representative
Attorneys or representatives for persons who have conditional grants of asylum must provide any changes of attorney or representative promptly – using the appropriate forms available as follows:
- Forms EOIR-28 and EOIR-27 are available on the EOIR Web site at http://www.usdoj.gov/eoir/formslist.htm.
- The Form G-28 is available on the USCIS Web site at http://uscis.gov/graphics/formsfee/forms/g-28.htm.

Notification must be made in the following manner:
- *If an Immigration Judge issued the conditional grant of asylum,* attorneys or representatives must file a completed Form EOIR-28, "Notice of Entry of Appearance as Attorney or Representative Before Immigration Judge," with the Immigration Court last having jurisdiction over the case. Addresses for the Immigration Courts are available on the EOIR Web site at http://www.usdoj.gov/eoir/sibpages/ICadr.htm
- *If the Board of Immigration Appeals issued the conditional grant of asylum,* attorneys or representatives must file a completed Form EOIR-27, "Notice of Entry of Appearance as Attorney or Representative Before BIA," to the address below:

     Board of Immigration Appeals
     Clerk's Office
     Post Office Box 8530
     Falls Church, VA 22041       Phone: 703-605-1007

(more)

Conditional Grants of Asylum Based on Coercive Population Control Policies
Page 5

> • *If a USCIS Asylum Officer issued the conditional grant of asylum*, attorneys or representatives must file a completed Form G-28, "Notice of Entry of Appearance as Attorney or Representative," with the USCIS asylum office that has jurisdiction over the case. If the new Form G-28 is due to a **change of address** for the attorney or representative, a cover letter noting that fact should be submitted along with the completed form. The USCIS Web site at http://uscis.gov/graphics/fieldoffices/alphaa.htm provides the jurisdiction and addresses of the eight USCIS Asylum Offices.

## Status Inquiries

Before requesting the status of a CPC case, individuals should read the most recent EOIR news release regarding the issuance of full asylum benefits based on CPC (http://www.usdoj.gov/eoir/press/press.htm). To determine their eligibility for final approval, they should check the conditional grant cut-off date, the approximate waiting period, and the other requirements to obtain full asylum benefits. If, after consulting the news release, a status inquiry is desired, individuals may check on the status of their final asylum approval by sending a letter to the appropriate address specified below. The letter should include:

- • Full name of the person who filed the asylum application and has been granted conditional asylum,
- • His or her date of birth,
- • His or her alien number,
- • His or her current address (see also **Change of Address**, above), and
- • A copy of the order or letter granting conditional asylum.

*If an **Immigration Judge** issued the conditional grant of asylum*, status inquiries must be sent to:

> Office of the Chief Immigration Judge
> Attn: CPC Status Inquiry
> 5107 Leesburg Pike, Suite 2500
> Falls Church, VA 22041

*If the **Board of Immigration Appeals** issued the conditional grant of asylum*, status inquiries must be sent to:

> Board of Immigration Appeals
> Clerk's Office
> Attn: CPC Status Inquiry
> Post Office Box 8530
> Falls Church, VA 22041                    Phone: 703-605-1007

*If a **USCIS Asylum Officer** issued the conditional grant of asylum*, status inquiries must be sent to the USCIS Asylum Office that has jurisdiction over the conditional grantee's residence. The Web site at http://uscis.gov/graphics/fieldoffices/alphaa.htm provides the jurisdiction and addresses of the eight USCIS Asylum Offices.

(more)

Conditional Grants of Asylum Based on Coercive Population Control Policies
Page 6

## Children Who Turn 21 Years of Age Before Approval for Full Asylum Benefits

On August 6, 2002, the President signed into law the Child Status Protection Act (CSPA), Public Law 107-208, 116 Stat. 927, which provides that a dependent child – who was under 21 years of age at the time the parent filed an application for asylum -- will continue to be treated as a child even if he or she turns 21 years of age while the application is pending. This applies to all applications that were pending on or after August 6, 2002, the effective date of the CSPA. Conditional grants of asylum are considered pending until an approval notice for full asylum benefits is issued. The application of this law affects certain CPC cases, as follows:

*A child who was under 21 years of age at the time the parent's asylum application was filed and was included on a parent's asylum application, and is in the United States at the time of the asylum approval:*

- The child will continue to be eligible for asylum status as a dependent, provided that the asylum application was pending on or after August 6, 2002.

*A child who was under 21 years of age at the time the parent's asylum application was filed but was not included on a parent's asylum application, or not in the United States:*

- If the parent receives final approval of asylum ON OR AFTER August 6, 2002, the child may be eligible for asylum status as a dependent if the parent files a Form I-730, "Refugee/Asylee Relative Petition," on behalf of this child and follows all the regulatory filing requirements as indicated on the form -- including the requirement for the parent to file the form within 2 years after receiving a final asylum approval, or establish the required humanitarian exception.
- If the parent received final asylum approval BEFORE August 6, 2002, and the child turned 21 before August 6, 2002, the child may be eligible for asylum status as a dependent if the parent had already filed a Form I-730, "Refugee/Asylee Relative Petition," on behalf of this child and that application was still pending on August 6, 2002.

## For More Information

Additional information about CPC and asylum is available on the USCIS Web site at http://uscis.gov/graphics/services/asylum/cpc.htm. News releases and a fact sheet regarding the annual issuance of full asylum benefits based on CPC are available on EOIR's Web site at http://www.usdoj.gov/eoir/press/press.htm.

Individuals who have received final asylum approval notices may obtain information about their benefits and responsibilities on the USCIS Web site at http://uscis.gov/graphics/services/asylum-types.htm#grant.



U.S. Department of Justice

Executive Office for Immigration Review

*Office of the Director*
*5107 Leesburg Pike, Suite 2600*
*Falls Church, Virginia 22041*

# NEWS RELEASE

**Contact:**   Office of Legislative and Public Affairs
(703) 305-0289,  Fax: (703) 605-0365

**Internet:**   www.usdoj.gov/eoir

April 21, 2006

### Coercive Population Control Cap Is Lifted — Full Asylum Granted After Security Clearance
*Conditional Asylees Must Report Current Address to Receive Important Notice Mailings*

FALLS CHURCH, Va. –  The Executive Office for Immigration Review (EOIR) today stressed the importance for individuals in the United States who have been previously granted conditional asylum (conditional asylees) — based on persecution related to resistance to a coercive population control program (CPC) — to comply with address reporting requirements.

Beginning in 1996, asylum has been granted to such individuals on a conditional basis because the law limited to 1,000 per fiscal year the number of applicants who can receive asylum on grounds related to CPC.  Effective May 11, 2005, the numerical limit was lifted and conditional asylees are eligible for a final grant of asylum if they clear the required updated background security investigations performed by the Department of Homeland Security (DHS).

EOIR has received reports that a number of conditional asylees may not be receiving their mailed notices regarding security clearance requirements or final decisions because they have not updated their address information — even though they have a continuing obligation to do so.  Old, incorrect address information may cause individuals to risk losing their eligibility for full asylum benefits, or encounter significant delays in receiving their final decision notices.

To help remedy this situation:

-   **Conditional asylees and their dependents who have not recently received the DHS notices regarding security clearance requirements MUST report their current address immediately.**  If they fail to do so and their address on record is not current, they will not receive the mailed scheduling notice for their required security clearance procedures. Consequently, when they fail to appear for their security clearance procedures, their conditional grant of asylum may be considered abandoned, and they may not receive full asylum benefits.

-   As of Nov. 9, 2005, DHS has mailed scheduling notices for security clearance procedures to the approximately 11,000 individuals with conditional grants of asylum based on coercive population control.  However, approximately 5,700 individuals — who should have received their scheduling notices for security clearance procedures — have not appeared for their security clearance procedures and risk losing their eligibility for full asylum benefits.  It may

(more)

Coercive Population Control Cap Is Lifted — Full Asylum Granted After Security Clearance
Page 2

be that many of these individuals have moved and have not notified the government of their address change. For those individuals granted conditional asylum by EOIR, these notices were sent to the last known address of record on file at EOIR.

Based on addresses provided by EOIR, DHS will arrange one final re-scheduling of these individuals for fingerprinting and data collection at U.S. Citizenship and Immigration Services (USCIS) Application Support Centers. Re-scheduling notices will be mailed to the addresses that EOIR has on record as of June 30, 2006.

- **Conditional asylees who have received and complied with the recent DHS scheduling notices for security clearance requirements BUT HAVE MOVED since then also MUST report their current address immediately,** in order to receive their final decision notice regarding full asylum benefits.

- **Attorneys who represent conditional asylees but who have not filed either a Form EOIR 27, "Notice of Entry of Appearance as Attorney or Representative Before BIA,"** http://www.usdoj.gov/eoir/eoirforms/instru27.htm **or Form EOIR 28, "Notice of Entry of Appearance as Attorney or Representative Before Immigration Judge,"** http://www.usdoj.gov/eoir/eoirforms/instru28.htm **MUST do so immediately.**

To report current addresses, conditional asylees MUST follow the directions below:

- If an **IMMIGRATION JUDGE** issued the conditional grant of asylum:
  Individuals MUST submit to the immigration court that last had jurisdiction over their case a completed Form EOIR-33/IC, "Change of Address Form," http://www.usdoj.gov/eoir/eoirforms/eoir33/ICadr33.htm and a copy of the immigration judge's conditional grant of asylum order for their case within **5 days** of any change of address.

  Also, they **MUST** submit to DHS, at the address indicated in the Form AR-11 instructions, a completed Form AR-11, "Alien's Change of Address Card," http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f6141765436d1a/?vgnextoid=c1a94154d7b3d010VgnVCM10000048f3d6a1RCRD&vgnextchannel=db029c7755cb9010VgnVCM10000045f3d6a1RCRD within **10 days** of any change of address.

- If the **BOARD OF IMMIGRATION APPEALS** issued the conditional grant of asylum:
  Individuals MUST submit a completed Form EOIR-33/BIA, "Change of Address Form," http://www.usdoj.gov/eoir/eoirforms/eoir33bia.pdf and a copy of the BIA conditional grant of asylum decision for their case within **5 days** of any change of address to the address below:

  Board of Immigration Appeals
  Clerk's Office
  Post Office Box 8530
  5107 Leesburg Pike, Suite 2000
  Falls Church, VA  22041    Phone: 703-605-1007

(more)

Coercive Population Control Cap Is Lifted — Full Asylum Granted After Security Clearance
Page 3

Also, they **MUST** submit to DHS, at the address indicated in the Form AR-11 instructions, a completed Form AR-11, "Alien's Change of Address Card," http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f6141765431f6d1a/?vgne xtoid=c1a94154d7b3d010VgnVCM10000048f3d6a1RCRD&vgnextchannel=db029c7755cb 9010VgnVCM10000045f3d6a1RCRD within **10 days** of any change of address.

## Background

On May 11, 2005, the President signed into law H.R. 1268, the "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, Tsunami Relief, 2005." Division B of the new law contains the Real ID Act, which includes a provision that eliminates the numerical limitation on asylum grants relating to persecution for resistance to coercive population control methods.

Although individuals with conditional grants of asylum no longer have to wait for an authorization number to become available, those individuals cannot receive a final grant of asylum until they clear updated background, identity, and security checks. These checks require individuals to comply with DHS biometrics collection, including fingerprinting. Conditional asylees' spouses and children --- who reside in the United States and were properly included in the conditional asylee's asylum application (Form I-589) --- may be eligible for asylum benefits, subject to the clearance of background and security investigations. To receive asylum benefits as dependents, children must be under 21 years of age or classified as children under the Child Status Protection Act.

Individuals with conditional asylum status must await the final grant of asylum and any statutory waiting periods before they may file applications for dependents who are following to join them (Form I-730) and applications for adjustment of status (Form I-485).

## For More Information

News releases and a fact sheet from prior years regarding the previous annual issuance of full asylum benefits based on CPC are on EOIR's website at http://www.usdoj.gov/eoir/press/subject.htm.

Individuals who have received final asylum approval notices may obtain information about their benefits and responsibilities on the USCIS website at http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f6141765431f6d1a/?vgnextoid=4a 4f0c65defc010VgnVCM1000000ecd190aRCRD&vgnextchannel=3a82e44c766fd010VgnVCM1000000 ecd190aRCRD and http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f6141765431f6d1a/?vgnextoid=cee9 829cbf3ae010VgnVCM1000000ecd190aRCRD&vgnextchannel=02729c7755cb9010VgnVCM1000004 5f3d6a1RCRD and on the EOIR website at http://www.acf.hhs.gov/programs/orr/AsyleeEligibility.pdf.

EOIR

LexisNexis® *Total Research System*                              Custom ID : ?

*My Lexis* ™  ⊤ Search  ⊤ Research Tasks  ⊤ Get a Document  ⊤ *Shepard's®*  ⊤ Alerts  ⊤ Total Litigator  ⊤ Counsel Selector  ⊤

Service   Get by LEXSEE®
Citation   2007 U.S. App. Lexis 19737

*498 F.3d 131, \*; 2007 U.S. App. LEXIS 19737, \*\**

SANJA BURGER and MILICA SAVIC, minor child A74-850-657, Petitioners, -v.- ALBERTO R. GONZALES,
ATTORNEY GENERAL, Respondent.

• Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is
automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Docket Nos. 03-40395-ag(L), 05-1058-ag(CON)

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

498 F.3d 131; 2007 U.S. App. LEXIS 19737

June 11, 2007, Argued
August 17, 2007, Decided

**PRIOR HISTORY:** [**1]
Petition for review of an order of the Board of Immigration Appeals revoking an Immigration Judge's ("IJ") grant
of asylum to Sanja Burger and Milica Savic.

**DISPOSITION:** Petition for review GRANTED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Petitioner aliens, a mother and daughter, who were natives of the former
Yugoslavia and citizens of Serbia-Montenegro, filed a petition for judicial review of an order of the Board of
Immigration Appeals (BIA) revoking an immigration judge's (IJ) grant of asylum.

**OVERVIEW:** The alien was a widely-recognized stage and screen actress in the former Yugoslavia. Due to
her celebrity, she was regularly requested to publicly show support for the government, but she refused.
After the alien revealed her strong antigovernment political views to a person, whom she later learned was
working for the government, she fled Yugoslavia. The alien insisted that if she returned, she would be
targeted as a spy and a traitor and singled out due to her status as a famous actress. In reversing an IJ's
grant of asylum, the BIA took administrative notice of changed country conditions in Yugoslavia from the
installation of a new government, and concluded that the alien no longer had a well-founded fear of
persecution. However, the BIA did not give the alien notice of its intent to take such administrative notice or
provide her with an opportunity to rebut its conclusion. The court granted the petition for review. Although
the BIA did not engage in improper factfinding, the failure to warn the alien that it would be taking judicial
notice of changed country conditions denied her a fair opportunity to present her claim and to cure the lack
of notice, which violated due process.

**OUTCOME:** The court granted the petition for review, vacated the BIA's decision, and remand the case.

**CORE TERMS:** notice, asylum, noticed, reopen, well-founded, persecution, administratively, removal,
withholding, current events, advance notice, fact-finding, dispositive, election, warn, opportunity to present,
opportunity to respond, process requires, process right, order of removal, commonly known, sole basis,
individualized, accuracy, vitiated, reversal, issuing, qualify, rested, despot's

**LEXISNEXIS® HEADNOTES**                                                       - Hide

Immigration Law > Judicial Review > Standards of Review > De Novo Review ⇐

*HN1* ⨁ In an immigration case, an appellate court considers questions of law de novo.  More Like This Headnote

Immigration Law > Asylum & Related Relief > Adjudication Procedures ⇐

Immigration Law > Asylum & Related Relief > General Overview ⇐ Board of Immigration Appeals ⇐

*HN2* ⨁ The Board of Immigration Appeals (BIA) generally may not engage in fact-finding in the course of
deciding appeals. 8 C.F.R. § 1003.1(d)(3)(iv). However, the BIA has the authority to take
administrative notice of current events bearing on an asylum applicant's well-founded fear of
persecution. As with judicial notice, the common law counterpart of administrative notice, properly
noticed current events must be "commonly known." 8 C.F.R. § 1003.1(d)(1).

(IV).  More Like This Headnote | *Shepardize: Restrict By Headnote*

Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection
Immigration Law > Asylum & Related Relief > Administrative Proceedings
Immigration Law > Constitutional Foundations > Due Process
Immigration Law > Deportation & Removal > Administrative Appeals > U.S. Board of Immigration Appeals

*HN3* ± Aliens are entitled to due process. They must be afforded the opportunity to be heard at a meaningful time and in a meaningful manner. To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that an immigration judge of the Board of Immigration Appeals otherwise deprived her of fundamental fairness. An asylum applicant must be given notice of, and an effective chance to respond to, potentially dispositive, administratively noticed facts. More Like This Headnote | *Shepardize: Restrict By Headnote*

Immigration Law > Asylum & Related Relief > Administrative Proceedings
Immigration Law > Asylum & Related Relief > Eligibility
Immigration Law > Asylum & Related Relief > Restriction on Removal > Eligibility
Immigration Law > Refugees > Eligibility

*HN4* ± The removal of a persecuting despot might vitiate an asylum applicant's well-founded fear of persecution, but in many cases lingering elements of a despot's regime may still pose a threat to an applicant's life and safety. Individualized consideration of the relevance of administratively noticed facts is required to determine whether a particular group remains in power after an election, and whether the election has vitiated any previously well-founded fear of persecution. More Like This Headnote

Immigration Law > Asylum & Related Relief > Eligibility
Immigration Law > Asylum & Related Relief > Restriction on Removal > Eligibility

*HN5* ± An applicant who fails to qualify for asylum necessarily fails to qualify for withholding of removal. More Like This Headnote

**COUNSEL:** MICHAEL P. DIRAIMONDO ✓, DiRaimondo & Masi LLP, Melville, N.Y. (Marialaina L. Masi, Mary Elizabeth Delli-Pizzi, Stacy A. Huber, on the brief), for Petitioners.

SCOTT REMPELL, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. (Anne M. Hayes; Jennifer May-Parker, on the brief), for Respondent.

**JUDGES:** Before: McLAUGHLIN, CALABRESI, SOTOMAYOR, Circuit Judges.

**OPINION BY:** McLAUGHLIN

**OPINION**

[*132] McLAUGHLIN, *Circuit Judge*:

This Court recently held that if the Board of Immigration Appeals ("BIA") intends to take administrative notice of potentially dispositive facts, it must warn a petitioner and provide the petitioner with an opportunity to respond before it denies a motion to reopen on the basis of those facts. *See Chhetry v. United States DOJ*, 490 F.3d 196, 201 (2d Cir. 2007)(per curiam). The Court declined to resolve the related question whether due process requires this same result before the BIA [*133] enters a final order of removal on the basis of administratively noticed facts. We now address [**2] this question and hold that it does.

**BACKGROUND**

In June 1996, petitioners Sanja Burger and her daughter, Milica Savic, entered the U.S. as non-immigrant visitors and remained without authorization. At her removal hearing four years later, Burger, a native of the former Yugoslavia and a citizen of Serbia-Montenegro, conceded removability but sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Burger testified to the following facts.

From 1989 to 1991, Burger was a widely-recognized stage and screen actress in the former Yugoslavia. Because of her celebrity, Burger was regularly contacted by people whom then-President Slobodan Milosevic had placed in prominent positions in theater and television. These people pressured her to show support publicly for Milosevic by attending various political events. Burger refused to do so.

In June 1991, Burger was contacted by a man named Arkan, who was introduced to her as a businessman. Burger revealed her strong anti-Milosevic political views to Arkan. To her chagrin, she later learned that Arkan was a major organized crime figure and was working for Milosevic while maintaining a paramilitary group that had [**3] committed genocidal acts in Croatia, Bosnia, and Kosovo. Burger testified that Arkan had recently

been murdered in the middle of the day in a Belgrade hotel lobby.

In October 1991, Burger fled Yugoslavia for Munich, where she remained for five years before coming to the U.S. Burger insisted that if she returned to Yugoslavia, she would be targeted as both a spy and a traitor, and because of her status as a famous actress would be singled out and forced to support Milosevic.

In an oral decision, an Immigration Judge ("IJ") granted Burger's application for asylum, expressly finding that she had demonstrated a well-founded fear of persecution were she to return to Serbia-Montenegro. The IJ saw no need to address Burger's requests for withholding of removal and CAT relief.

In July 2003, the BIA reversed the IJ's grant of asylum and ordered Burger removed. The BIA took administrative notice of changed country conditions, to wit, that following the IJ's decision, Milosevic was removed from power and faced trial for crimes against humanity in the International Criminal Tribunal for the former Yugoslavia in the Hague. The BIA concluded that because the Milosevic government no longer existed and [**4] Burger's claims rested on her anti-Milosevic views, Burger no longer had a well-founded fear of persecution. The BIA did not give Burger notice of its intent to take administrative notice and it provided no opportunity to rebut the BIA's conclusion before issuing its decision. The BIA did not address Burger's withholding of removal and CAT claims.

Three months later, Burger moved to reopen. She furnished an affidavit from an expert in 20th century Western Balkan affairs and professor of history. The affidavit stated that Serbia-Montenegro was currently a "semi-mafioso" state with power shared among the old Milosevic structure, the new government structure, and organized crime.

The BIA denied Burger's motion to reopen. It found that while "political and economic problems do exist in Serbia and Montenegro," Burger had failed to establish that she had a well-founded fear of persecution if she went back to Serbia-Montenegro.

[*134]  Burger now petitions this Court for review of the BIA's decision.

For the reasons that follow, we grant the petition for review, vacate the BIA's decision to revoke Burger's asylum grant, and remand to the BIA.

## DISCUSSION

Burger argues: (1) that the BIA's taking of administrative  [**5] notice constituted improper fact-finding; and (2) that the BIA denied her due process by failing to warn her of its intention to take administrative notice. While the first argument is meritless, the second requires remand.

### A. Fact-finding

$^{HN1}$ We consider questions of law de novo. Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir. 2003).

$^{HN2}$ The BIA generally may not engage in fact-finding in the course of deciding appeals. See 8 C.F.R. § 1003.1 (d)(3)(iv). However, "[i]t is well-settled that the BIA has the authority to take administrative notice of current events bearing on an [asylum] applicant's well-founded fear of persecution." Yang v. McElroy, 277 F.3d 158, 163 n.4 (2d Cir. 2002). As with judicial notice, the common law counterpart of administrative notice, properly noticed current events must be "commonly known." See 8 C.F.R. § 1003.1(d)(3)(iv); cf. Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known . . . or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

Here, the ouster and subsequent trial of Milosevic were commonly known facts whose [**6] accuracy Burger herself has not disputed. These facts fall squarely within the definition of "current events bearing on an [asylum] applicant's well-founded fear of persecution." Yang, 277 F.3d at 163 n.4. Thus, the BIA did not engage in improper fact-finding.

### B. Due Process

$^{HN3}$ Aliens, of course, are entitled to due process. Zadvydas v. Davis, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). They must be afforded "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)).

To establish a violation of due process, an alien must show "that she was denied a full and fair opportunity to present her claims" or "that the IJ or BIA otherwise deprived her of fundamental fairness." Xiao J. Chen v. United States DOJ, 434 F.3d 144, 155 (2d Cir. 2006), reh'g granted, vacated on other grounds by Xiao J. Chen v. United States DOJ, 471 F.3d 315 (2d Cir. 2006). Critically, an asylum applicant "must be given notice of, and an effective chance to respond to, potentially dispositive, administratively noticed facts." Chhetry, 490 F.3d at 200.

The Government does not dispute that the noticed facts were dispositive [**7] of Burger's claim, and it concedes that the BIA failed to warn Burger that it would take notice. Rather, the Government contends that Burger's motion to reopen gave her a full and fair opportunity to present her claim and thus cured the lack of advance notice. The circuits are divided.

The Fifth, Seventh, and D.C. Circuits have held that a motion to reopen suffices to satisfy due process in this context. See Gutierrez-Rogue v. INS, 293 U.S. App. D.C. 338, 954 F.2d 769, 773 (D.C. Cir. 1992) ("The availability of the petition to reopen secures [petitioner's] due [*135] process right to a meaningful hearing."); Rivera-Cruz v. INS, 948 F.2d 962, 968 (5th Cir. 1991) (same); Kaczmarczyk v. INS, 933 F.2d 588, 597 (7th Cir. 1991) (same).

The Ninth and Tenth Circuits, however, have held that due process requires that the BIA provide applicants with notice and an opportunity to be heard before the BIA determines on the basis of administratively noticed facts that a petitioner lacks a well-founded fear of persecution. See Getachew v. INS, 25 F.3d 841, 846 (9th Cir. 1994) (advance notice and opportunity to respond required when BIA determines, on the basis of administrative notice, whether an "election has vitiated any previously [**8] well-founded fear of persecution"); de la Llana-Castellon v. INS, 16 F.3d 1093, 1100 (10th Cir. 1994) (availability of motion to reopen did not satisfy due process where BIA reversed IJ's finding that petitioners had a well-founded fear of persecution based solely on administratively noticed facts).

As the Ninth and Tenth Circuits have noted, the reopening procedure has serious limitations as a guaranty of due process. See, e.g., de la Llana-Castellon, 16 F.3d at 1100; Castillo-Villagra v. INS, 972 F.2d 1017, 1029-30 (9th Cir. 1992). The BIA's decision to grant a motion to reopen is purely discretionary. 8 C.F.R. § 1003.2(a). Moreover, because the filing of a motion to reopen does not automatically stay the execution of an order of removal, id. § 1003.2(f), the applicant's due process rights depend entirely on the BIA's good faith. Cf. Kaczmarczyk, 933 F.2d at 597 n.9 ("We presume that when an asylum applicant uses a good faith motion to reopen to dispute officially noticed facts, the Board will exercise its discretion to stay the execution of its decision until it has had an opportunity to rule on the applicant's motion.").

These deficiencies become more acute in cases where administratively [**9] noticed facts are the sole basis for the BIA's reversal of an IJ's grant of asylum. See de la Llana-Castellon, 16 F.3d at 1099 ("Because the administratively noticed facts constituted the sole evidence upon which the BIA relied to establish changed circumstances, advance notice and an opportunity to be heard on the significance of the political changes in Nicaragua was all the more crucial.").

Here, administratively noticed facts constituted the sole basis of the BIA's determination that Burger no longer harbored a well-founded fear of persecution. The BIA's conclusion rested foursquare on an assessment of conditions in the post-Milosevic world. Under these circumstances, it cannot be said that Burger's motion to reopen protected her right to be heard "at a meaningful time and in a meaningful manner." Mathews, 424 U.S. at 333. Thus, while the dismantling of the Milosevic regime may have been a commonly known current event, the BIA erred by failing to give Burger advance notice of its intention to consider this extra-record fact. Moreover, the BIA erred in depriving Burger of the opportunity to rebut this fact's significance before issuing its decision. HN4 The removal of a persecuting despot [**10] might vitiate an asylum applicant's well-founded fear of persecution, but in many cases lingering elements of a despot's regime may still pose a threat to an applicant's life and safety. See Getachew, 25 F.3d at 846 (observing that individualized consideration of the relevance of administratively noticed facts is required to determine "whether a particular group remains in power after an election, and whether the election has vitiated any previously well-founded fear of persecution"). In this case, Burger presented to the BIA evidence that remnants of the [*136] Milosevic regime were still in power and threatened to persecute her were she returned to Serbia-Montenegro. The BIA's failure to consider this evidence was error.

Because we find that the BIA erred in these respects, we need not decide whether the BIA abused its discretion in denying Burger's motion to reopen.

Finally, the BIA did not consider Burger's withholding of removal or CAT claims because the IJ never ruled on these claims in the first instance. On remand, the fate of Burger's withholding claim will depend on her asylum claim, as HN5 an applicant who fails to qualify for asylum necessarily fails to qualify for withholding of removal [**11] See Hoxhallari v. Gonzales, 468 F.3d 179, 184 (2d Cir. 2006). However, because "asylum and CAT claims warrant[] individualized treatment," Ramsameachire v. Ashcroft, 357 F.3d 169, 186 (2d Cir. 2004) (internal quotation marks omitted), Burger's CAT claim will require separate consideration below.

## CONCLUSION

For the foregoing reasons, we GRANT the petition for review,

VACATE the BIA's reversal of the IJ's decision, and REMAND the case for further proceedings consistent with this opinion, including further factfinding before the IJ if appropriate. Burger's pending motion for a stay of removal is DENIED as moot.

Service: Get by LEXSEE®
Citation: 2007 U.S. App. Lexis 19737
View: Full
Date/Time: Wednesday, December 19, 2007 - 4:43 PM EST

* Signal Legend
- Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

LexisNexis About LexisNexis Terms & Conditions Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

or whose activities are widely acknowledged.25 Account should also be taken of the fact that the use of force is an aspect of the maintenance of law and order and may--by definition--be lawfully resorted to by the police and armed forces in the exercise of their functions.

176.     An application for refugee status by a person having (or presumed to have) used force, or to have committed acts of violence of whatever nature and within whatever context, must in the first place--like any other application--be examined from the standpoint of the inclusion clauses in the 1951 Convention (paragraphs 32-110 above).

177.     Where it has been determined that an applicant fulfils the inclusion criteria, the question may arise as to whether, in view of the acts involving the use of force or violence committed by him, he may not be covered by the terms of one or more of the exclusion clauses. These exclusion clauses, which figure in Article 1 F *(a)* to *(c)* of the 1951 Convention, have already been examined (paragraphs 147 to 163 above).

178.     The exclusion clause in Article 1 F *(a)* was originally intended to exclude from refugee status any person in respect of whom there were serious reasons for considering that he has "committed a crime against peace, a war crime, or a crime against humanity" in an official capacity. This exclusion clause is, however, also applicable to persons who have committed such crimes within the framework of various non-governmental groupings, whether officially recognized, clandestine or self-styled.

179.     The exclusion clause in Article 1 F *(b)*, which refers to "a serious non-political crime", is normally not relevant to the use of force or to acts of violence committed in an official capacity. The interpretation of this exclusion clause has already been discussed. The exclusion clause in Article 1 F *(c)* has also been considered. As previously indicated, because of its vague character, it should be applied with caution.

180.     It will also be recalled that, due to their nature and the serious consequences of their application to a person in fear of persecution, the exclusion clauses should be applied in a restrictive manner.

## *CHAPTER VI – THE PRINCIPLE OF FAMILY UNITY*

181.     Beginning with the Universal Declaration of Human Rights, which states that "the family is the natural and fundamental group unit of society and is entitled to protection by society and the State", most international instruments dealing with human rights contain similar provisions for the protection of the unit of a family.

182.     The Final Act of the Conference that adopted the 1951 Convention:

"Recommends Governments to take the necessary measures for the protection of the refugee's family, especially with a view to:

(1)     Ensuring that the unity of the refugee's family is maintained particularly in cases where the head of the family has fulfilled the necessary conditions for admission to a particular country.

(2)     The protection of refugees who are minors, in particular unaccompanied children and girls, with special reference to guardianship and adoption."26

183.     The 1951 Convention does not incorporate the principle of family unity in the definition of the term refugee. The above-mentioned Recommendation in the Final Act of the Conference is,

---

25 A number of liberation movements, which often include an armed wing, have been officially recognized by the General Assembly of the United Nations. Other liberation movements have only been recognized by a limited number of governments. Others again have no official recognition.

26 See Annex 1

however, observed by the majority of States, whether or not parties to the 1951 Convention or to the 1967 Protocol.

184.    If the head of a family meets the criteria of the definition, his dependants are normally granted refugee status according to the principle of family unity. It is obvious, however, that formal refugee status should not be granted to a dependant if this is incompatible with his personal legal status. Thus, a dependant member of a refugee family may be a national of the country of asylum or of another country, and may enjoy that country's protection. To grant him refugee status in such circumstances would not be called for.

185.    As to which family members may benefit from the principle of family unity, the minimum requirement is the inclusion of the spouse and minor children. In practice, other dependants, such as aged parents of refugees, are normally considered if they are living in the same household. On the other hand, if the head of the family is not a refugee, there is nothing to prevent any one of his dependants, if they can invoke reasons on their own account, from applying for recognition as refugees under the 1951 Convention or the 1967 Protocol. In other words, the principle of family unity operates in favour of dependants, and not against them.

186.    The principle of the unity of the family does not only operate where all family members become refugees at the same time. It applies equally to cases where a family unit has been temporarily disrupted through the flight of one or more of its members.

187.    Where the unity of a refugee's family is destroyed by divorce, separation or death, dependants who have been granted refugee status on the basis of family unity will retain such refugee status unless they fall within the terms of a cessation clause; or if they do not have reasons other than those of personal convenience for wishing to retain refugee status; or if they themselves no longer wish to be considered as refugees.

188.    If the dependant of a refugee falls within the terms of one of the exclusion clauses, refugee status should be denied to him.



*all human rights for all*

FIFTIETH ANNIVERSARY OF THE UNIVERSAL DECLARATION OF HUMAN RIGHTS

# 1948 - 1998

## Universal Declaration of Human Rights

(other language versions)

*Adopted and proclaimed by General Assembly resolution 217
A (III) of 10 December 1948*

**On December 10, 1948 the General Assembly of the United Nations adopted and proclaimed the Universal Declaration of Human Rights the full text of which appears in the following pages. Following this historic act the Assembly called upon all Member countries to publicize the text of the Declaration and "to cause it to be disseminated, displayed, read and expounded principally in schools and other educational institutions, without distinction based on the political status of countries or territories."**

## PREAMBLE

Whereas recognition of the inherent dignity and of the equal and inalienable rights of all members of the human family is the foundation of freedom, justice and peace in the world,

Whereas disregard and contempt for human rights have resulted in barbarous acts which have outraged the conscience of mankind, and the advent of a world in which human beings shall enjoy freedom of speech and belief and freedom from fear and want has been proclaimed as the highest aspiration of the common people,

Whereas it is essential, if man is not to be compelled to have recourse, as a last resort, to rebellion against tyranny and oppression, that human rights should be protected by the rule of law,

Whereas it is essential to promote the development of friendly relations between nations,

Whereas the peoples of the United Nations have in the Charter reaffirmed

their faith in fundamental human rights, in the dignity and worth of the human person and in the equal rights of men and women and have determined to promote social progress and better standards of life in larger freedom,

Whereas Member States have pledged themselves to achieve, in co-operation with the United Nations, the promotion of universal respect for and observance of human rights and fundamental freedoms,

Whereas a common understanding of these rights and freedoms is of the greatest importance for the full realization of this pledge,

**Now, Therefore THE GENERAL ASSEMBLY proclaims THIS UNIVERSAL DECLARATION OF HUMAN RIGHTS** as a common standard of achievement for all peoples and all nations, to the end that every individual and every organ of society, keeping this Declaration constantly in mind, shall strive by teaching and education to promote respect for these rights and freedoms and by progressive measures, national and international, to secure their universal and effective recognition and observance, both among the peoples of Member States themselves and among the peoples of territories under their jurisdiction.

*Article 1.*

All human beings are born free and equal in dignity and rights. They are endowed with reason and conscience and should act towards one another in a spirit of brotherhood.

*Article 2.*

Everyone is entitled to all the rights and freedoms set forth in this Declaration, without distinction of any kind, such as race, colour, sex, language, religion, political or other opinion, national or social origin, property, birth or other status. Furthermore, no distinction shall be made on the basis of the political, jurisdictional or international status of the country or territory to which a person belongs, whether it be independent, trust, non-self-governing or under any other limitation of sovereignty.

*Article 3.*

Everyone has the right to life, liberty and security of person.

*Article 4.*

No one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms.

## Article 5.

No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.

## Article 6.

Everyone has the right to recognition everywhere as a person before the law.

## Article 7.

All are equal before the law and are entitled without any discrimination to equal protection of the law. All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination.

## Article 8.

Everyone has the right to an effective remedy by the competent national tribunals for acts violating the fundamental rights granted him by the constitution or by law.

## Article 9.

No one shall be subjected to arbitrary arrest, detention or exile.

## Article 10.

Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations and of any criminal charge against him.

## Article 11.

(1) Everyone charged with a penal offence has the right to be presumed innocent until proved guilty according to law in a public trial at which he has had all the guarantees necessary for his defence.

(2) No one shall be held guilty of any penal offence on account of any act or omission which did not constitute a penal offence, under national or

international law, at the time when it was committed. Nor shall a heavier
penalty be imposed than the one that was applicable at the time the penal
offence was committed.

## Article 12.

No one shall be subjected to arbitrary interference with his privacy,
family, home or correspondence, nor to attacks upon his honour and
reputation. Everyone has the right to the protection of the law against
such interference or attacks.

## Article 13.

(1) Everyone has the right to freedom of movement and residence within
the borders of each state.

(2) Everyone has the right to leave any country, including his own, and to
return to his country.

## Article 14.

(1) Everyone has the right to seek and to enjoy in other countries asylum
from persecution.

(2) This right may not be invoked in the case of prosecutions genuinely
arising from non-political crimes or from acts contrary to the purposes
and principles of the United Nations.

## Article 15.

(1) Everyone has the right to a nationality.

(2) No one shall be arbitrarily deprived of his nationality nor denied the
right to change his nationality.

## Article 16.

(1) Men and women of full age, without any limitation due to race,
nationality or religion, have the right to marry and to found a family.
They are entitled to equal rights as to marriage, during marriage and at its
dissolution.

(2) Marriage shall be entered into only with the free and full consent of

the intending spouses.

(3) The family is the natural and fundamental group unit of society and is entitled to protection by society and the State.

## Article 17.

(1) Everyone has the right to own property alone as well as in association with others.

(2) No one shall be arbitrarily deprived of his property.

## Article 18.

Everyone has the right to freedom of thought, conscience and religion; this right includes freedom to change his religion or belief, and freedom, either alone or in community with others and in public or private, to manifest his religion or belief in teaching, practice, worship and observance.

## Article 19.

Everyone has the right to freedom of opinion and expression; this right includes freedom to hold opinions without interference and to seek, receive and impart information and ideas through any media and regardless of frontiers.

## Article 20.

(1) Everyone has the right to freedom of peaceful assembly and association.

(2) No one may be compelled to belong to an association.

## Article 21.

(1) Everyone has the right to take part in the government of his country, directly or through freely chosen representatives.

(2) Everyone has the right of equal access to public service in his country.

(3) The will of the people shall be the basis of the authority of government; this will shall be expressed in periodic and genuine elections which shall be by universal and equal suffrage and shall be held by secret

vote or by equivalent free voting procedures.

## Article 22.

Everyone, as a member of society, has the right to social security and is entitled to realization, through national effort and international co-operation and in accordance with the organization and resources of each State, of the economic, social and cultural rights indispensable for his dignity and the free development of his personality.

## Article 23.

(1) Everyone has the right to work, to free choice of employment, to just and favourable conditions of work and to protection against unemployment.

(2) Everyone, without any discrimination, has the right to equal pay for equal work.

(3) Everyone who works has the right to just and favourable remuneration ensuring for himself and his family an existence worthy of human dignity, and supplemented, if necessary, by other means of social protection.

(4) Everyone has the right to form and to join trade unions for the protection of his interests.

## Article 24.

Everyone has the right to rest and leisure, including reasonable limitation of working hours and periodic holidays with pay.

## Article 25.

(1) Everyone has the right to a standard of living adequate for the health and well-being of himself and of his family, including food, clothing, housing and medical care and necessary social services, and the right to security in the event of unemployment, sickness, disability, widowhood, old age or other lack of livelihood in circumstances beyond his control.

(2) Motherhood and childhood are entitled to special care and assistance. All children, whether born in or out of wedlock, shall enjoy the same social protection.

## Article 26.

(1) Everyone has the right to education. Education shall be free, at least in the elementary and fundamental stages. Elementary education shall be compulsory. Technical and professional education shall be made generally available and higher education shall be equally accessible to all on the basis of merit.

(2) Education shall be directed to the full development of the human personality and to the strengthening of respect for human rights and fundamental freedoms. It shall promote understanding, tolerance and friendship among all nations, racial or religious groups, and shall further the activities of the United Nations for the maintenance of peace.

(3) Parents have a prior right to choose the kind of education that shall be given to their children.

## Article 27.

(1) Everyone has the right freely to participate in the cultural life of the community, to enjoy the arts and to share in scientific advancement and its benefits.

(2) Everyone has the right to the protection of the moral and material interests resulting from any scientific, literary or artistic production of which he is the author:

## Article 28.

Everyone is entitled to a social and international order in which the rights and freedoms set forth in this Declaration can be fully realized.

## Article 29.

(1) Everyone has duties to the community in which alone the free and full development of his personality is possible.

(2) In the exercise of his rights and freedoms, everyone shall be subject only to such limitations as are determined by law solely for the purpose of securing due recognition and respect for the rights and freedoms of others and of meeting the just requirements of morality, public order and the general welfare in a democratic society.

(3) These rights and freedoms may in no case be exercised contrary to the purposes and principles of the United Nations.

*Article 30.*

Nothing in this Declaration may be interpreted as implying for any State, group or person any right to engage in any activity or to perform any act aimed at the destruction of any of the rights and freedoms set forth herein.